Mary **CAMPBELL**, David W. **Shankle, and Debra King, Plaintiffs-Appellants,**

v.

Leila **SHANKLE**, Hartford Accident & Indemnity Co., Western Casualty and Surety Co., Western Fire Insurance Co., and State Auto & Casualty Underwriters, jointly and severally, Defendants-Appellees.

No. 83CA0870.

Colorado Court of Appeals, Div. II.

April 26, 1984.

Andersen & Gehlhausen, P.C., John Gehlhausen, Lamar, for plaintiffs-appellants.

Hall & Evans, Robert W. Harris, Arthur R. Karstaedt III, Denver, for Western Cas. and Sur. Co., and Western Fire Ins. Co.

The Law Firm of Justin R. Melat, Glenn S. Pressman, Colorado Springs, for Hartford Acc. & Indemnity Co.

The Law Firm of Mike Hilgers, Jeffery M. Grass, Arvada, for State Auto. and Cas. Underwriters.

BABCOCK, Judge.

The sole issue presented by this appeal is whether the insurance company defendants in a wrongful death action have a duty to distribute, or monitor distribution of, settlement proceeds to all potential beneficiaries under the Colorado wrongful death statute. We hold that there is no such duty.

Leila Shankle (Leila) filed a wrongful death action approximately six months after the accidental death of her husband. The action was settled in December 1980, by a $48,000 payment to Leila by defendants Hartford Accident and Fidelity Co., Western Casualty and Surety Co., Western Fire Insurance Co., and State Auto & Casualty Underwriters (insurance companies). Pursuant to the settlement, Leila executed a release and indemnity agreement binding herself individually and as "executrix and administratrix" of her husband's estate. Thereafter, the wrongful death action was dismissed with prejudice.

In March 1983, plaintiffs, Mary Campbell, David W. Shankle, and Debra King, the decedent's adult children from a previous marriage, brought this suit alleging that Leila had made no distribution of the settlement proceeds and that the insurance companies knew or should have known she was likely to abscond with these proceeds. The complaint sought recovery of that portion of the settlement proceeds to which plaintiffs claimed to be entitled pursuant to § 13–21–201(2), C.R.S., together with exemplary damages, on the theory that the insurance companies had a duty to assure that plaintiffs' shares in the settlement proceeds were distributed to them.

The trial court granted the insurance companies' motion to dismiss concluding that no such duty was owed to plaintiffs. This appeal followed.

An action for wrongful death is a creature of statute which did not exist at common law; therefore, the proper method for distribution of monies recovered in connection with a wrongful death action must be derived exclusively from the terms of the wrongful death statute. *Clint v. Stolworthy*, 144 Colo. 597, 357 P.2d 649 (1960).

Sections 13–21–201 to 13–21–203, C.R.S., must be construed together and provide who may bring an action for wrongful death and the method of distributing the amount recovered. *Clint v. Stolworthy, supra.* Within the first year from the date of death, the surviving spouse has the exclusive right to bring the action, although

the heirs at law have a proprietary interest in the judgment. Section 13–21–201, C.R.S.; *Clint v. Stolworthy, supra; Peck v. Taylor,* 38 Colo.App. 90, 554 P.2d 698 (1976). Section 13–21–203(1), C.R.S., provides that: "All damages accruing under section 13–21–202 shall be sued for and recovered by the same parties and in the same manner as provided in section 13–21–201, and in every such action the jury may give such damages as they deem fair and just ... *to the surviving parties who may be entitled to sue ....*" (emphasis added)

Leila had the exclusive right to sue under § 13–21–201, C.R.S.; *Clint v. Stolworthy, supra,* and the right to recover the damages awarded in connection with the wrongful death action. Section 13–21–203, C.R.S. Therefore, she had the concomitant right to settle the claim and to receive the proceeds therefrom. *Whitley v. Georgia Western & Watkins Motor Lines, Inc.,* 299 F.Supp. 1238 (E.D.Tenn.1969).

A presumption exists that the surviving spouse will make a good faith effort to represent adequately the rights of all decedent's children. *Howlett v. Greenberg,* 34 Colo.App. 356, 530 P.2d 1285 (1974). The insurance companies satisfied their statutory duty by paying the settlement proceeds to the surviving party entitled to sue and recover damages. *See* § 13–21–203, C.R.S. We thus decline plaintiffs' invitation to impose a common law duty on the insurance companies to assure distribution of the settlement proceeds to all potential beneficiaries under the wrongful death statute. *See Clint v. Stolworthy, supra.*

Because the settlement proceeds were paid to the proper party, plaintiffs' conversion claim against the insurance companies is without merit.

The judgment dismissing plaintiffs' claims for relief against the insurance companies is affirmed.

BERMAN and KELLY, JJ., concur.