**G.E.C. MINERALS, INC.,**
**Plaintiff–Appellant,**

**v.**

**HARRISON WESTERN CORPORA-TION, Defendant–Appellee.**

**No. 86CA1624.**

Colorado Court of Appeals,
Div. III.

May 18, 1989.

Rehearing Denied June 22, 1989.

Certiorari Denied Oct. 16, 1989.

Montgomery Little Young Campbell & McGrew, P.C., David C. Little, Catherine

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

M. Meyer, Englewood, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., Cristina M. Habas, Douglas A. Tabor, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, G.E.C. Minerals, Inc., obtained a jury verdict against defendant, Harrison Western Corporation, for negligence and breach of contract. Plaintiff appeals the judgment entered by the trial court reducing plaintiff's recovery by 25% for its own negligence, and the trial court's denial of prejudgment interest. We affirm in part and reverse in part.

In 1981, plaintiff entered into a contract with defendant under which defendant was required to deposit fill material in plaintiff's open pit coal mine as part of a reclamation project. The contract contained an exculpatory clause which provided that defendant would be liable only for compensatory damages in negligence arising from its "gross negligence or willful misconduct."

In 1982, an underground fire developed at plaintiff's coal mine. Claiming that the fill material deposited by defendant had caused the fire, plaintiff brought this action for breach of contract and negligence.

Based on the exculpatory clause of the parties' contract, the jury was instructed that it could find defendant liable only if defendant's actions constituted "willful and reckless negligence." The jury was also instructed to apply the principles of the comparative negligence statute in determining damages. The jury found that plaintiff and defendant were each negligent in causing plaintiff's damages. It set plaintiff's damages at $400,000 and apportioned the negligence 75% to defendant and 25% to plaintiff.

I

■ Plaintiff contends the trial court erred in reducing the damage award by the percentage of plaintiff's contributory negligence. Plaintiff argues that the principles of comparative negligence should not apply when the conduct of one party constitutes simple negligence and the actions of the other involve willful and reckless negligence. We disagree.

■ The intent of the parties as expressed by their contract exempts the defendant from liability for compensatory damages for acts of simple negligence; however, defendant is liable for acts of willful or gross negligence. The contract is silent as to the effect of plaintiff's negligence, if any. We conclude that the court properly applied the Colorado comparative negligence statute to the standards of liability contracted by the parties.

The comparative negligence statute applies to all actions "to recover damages for negligence." Section 13–21–111(1), C.R.S. (1987 Repl.Vol. 6A). The function of the statute is to compare the negligence of the parties who cause the loss or injury and, if the plaintiff's negligence does not equal or exceed that of the defendant, to assess liability for damages in proportion to the respective fault of the parties. In our view, the statute requires the comparison of each party's fault irrespective of whether such fault is attributable to simple negligence, gross negligence, or willful and reckless negligence.

Our courts have consistently recognized the distinction between simple negligence and negligence consisting of willful and wanton conduct. See, e.g., Pettingell v. Moede, 129 Colo. 484, 271 P.2d 1038 (1954); CJI–Civ.2d 9:32 (1980) (defining "willful and wanton negligence"). We presume that in enacting the comparative negligence statute, the General Assembly was aware of this distinction. See Rauschenberger v. Radetsky, 745 P.2d 640 (Colo.1987). Had the General Assembly intended to preclude application of the comparative negligence statute in cases involving willful and wanton negligence, it could have done so expressly. Its failure to do so leads us to conclude that the comparative negligence statute applies to tort actions based on all forms of negligent conduct. Cf. Carman v. Heber, 43 Colo.App. 5, 601 P.2d 646 (1979) (a finding of intentional wrongdoing renders the comparative negligence statute inapplicable).

II

Plaintiff next contends the trial court erred in refusing to award prejudgment interest pursuant to § 5–12–102, C.R.S. (1988 Cum.Supp.).

Under § 5–12–102, prejudgment interest may be awarded for property damage, and interest commences as of the date of the wrongful withholding of amounts due a claimant. *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo. App.1983).

■ Here, the jury's award was based on damages to plaintiff's property resulting from defendant's negligence. The uncontroverted evidence showed that prior to trial defendant had refused to pay a bill submitted by plaintiff for costs incurred in extinguishing the fire. These facts are sufficient to enable the trial court to compute the amount of prejudgment interest to which plaintiff is entitled. *See Tripp v. Cotter Corp.*, 701 P.2d 124 (Colo.App.1985).

The record indicates that plaintiff failed to present evidence as to the appropriate rate of moratory interest. Therefore, any award of prejudgment interest would be pursuant to § 5–12–102(1)(b), C.R.S. (1988 Cum.Supp.). *Alfred Brown Co. v. Johnson–Gibbons & Reed Western Paving–Kemper*, 695 P.2d 746 (Colo.App.1984).

The judgment of the trial court reducing plaintiff's award by the amount of its comparative negligence is affirmed. Insofar as the judgment denies plaintiff prejudgment interest, it is reversed, and the cause is remanded with directions that the trial court ascertain and award the appropriate amount of prejudgment interest.

FISCHBACH and ENOCH *, JJ., concur.