Kim KLANCKE, Kirk Klancke, Jill Klancke Cook, and Kit Klancke, Plaintiffs–Appellants,

v.

Peter M. SMITH, individually and as a partner of Peter M. Smith and Susan Y. Young Law Offices; Susan Y. Young, individually and as a partner of Peter M. Smith and Susan Y. Young Law Offices; Peter M. Smith and Susan Y. Young Law Offices, a Colorado general partnership, Defendants–Appellees.

No. 90CA1328.

Colorado Court of Appeals, Div. V.

Sept. 26, 1991.*

Rehearing Denied Nov. 29, 1991.

Certiorari Denied May 18, 1992.

* Previous Opinion announced August 1, 1991 was Withdrawn. Petition for Rehearing Granted.

Tobey & Pelz, P.C., Harlan P. Pelz, Jeffrey A. Knoll and Cyndi L. Lyden, Denver, for plaintiffs-appellants.

Faegre & Benson, Michael S. McCarthy and Charlotte Weissner, Denver, for defendants-appellees.

Opinion by Judge JONES.

Plaintiffs, Kim Klancke, Kirk Klancke, Kit Klancke, and Jill Klancke Cook (children), appeal from a summary judgment entered in favor of defendants, Peter M. Smith, Susan Y. Young, and Peter M. Smith and Susan Y. Young Law Offices, on claims of negligence and breach of fiduciary duty. We affirm.

This appeal arises out of a dispute over the disposition of proceeds recovered in a wrongful death action brought by Janet Klancke (Ms. Klancke) in federal district court. In that action, Ms. Klancke recovered a money judgment for the death of her husband, Calvin Klancke, who was killed in an airplane crash near Granby, Colorado, in 1986.

Plaintiffs are the surviving natural children of Calvin Klancke and are stepchildren of Ms. Klancke, who was Calvin Klancke's second wife.

Ms. Klancke retained defendants to prosecute her wrongful death claim. On June 16, 1986, defendant Smith filed a complaint in federal district court listing only Ms. Klancke as plaintiff.

While the wrongful death claim was pending, a dispute arose between the children and Ms. Klancke concerning the childrens' rightful share in the proceeds of any potential recovery. Ms. Klancke took the position that the children were required to prove their net pecuniary loss in order to share in the wrongful death recovery.

As a result of this dispute, three of the children retained separate counsel to represent their interests in the wrongful death action. The children concede that they at no time retained defendants to represent them in the wrongful death suit.

In June 1987, an attorney entered an appearance in the wrongful death action on behalf of certain of the children and filed motions regarding their participation in the action and sharing in any proceeds deriving therefrom.

In November of 1987, the federal district court issued two orders, in which it determined that, although the children are entitled to share in the proceeds of any recovery, under Colorado law, those proceeds may only be distributed to the surviving spouse in whose name the action was commenced.

On April 26, 1988, a jury awarded Ms. Klancke approximately $465,000 in her wrongful death action. On May 24, 1988, the judgment was satisfied when defendant Smith received payment and deposited the funds in his firm's trust account.

Before such satisfaction, the children filed a motion requesting the federal court to supervise distribution of the wrongful death proceeds, but that motion was denied

on June 3, 1988. Subsequently, after deducting costs and attorney fees, defendant Smith distributed the wrongful death proceeds in their entirety to his client, Ms. Klancke.

Thereafter, the children commenced an action in the state court against Ms. Klancke for breach of trust and conversion. Summary judgment was entered in favor of the children in October 1989 in the approximate amount of $190,000. However, in August 1989, Ms. Klancke filed a petition for bankruptcy and an automatic stay was issued. Thereafter, the children brought this action against defendants.

■ Plaintiffs contend that the trial court erred in determining that defendants owed no duty to them, fiduciary or otherwise, to ensure that any wrongful death proceeds recovered were actually shared with or paid to them. We disagree.

■ An action for wrongful death did not exist at common law, but rather is entirely a creation of statute. Therefore, the proper method for distribution of monies recovered in connection with a wrongful death action must be derived exclusively from the terms of the wrongful death statute. *Clint v. Stolworthy*, 144 Colo. 597, 357 P.2d 649 (1960); *Campbell v. Shankle*, 680 P.2d 1352 (Colo.App.1984).

Colorado's wrongful death statute is set forth in § 13-21-201, et seq., C.R.S. (1987 Repl.Vol. 6A). The sections of the statute applicable here, §§ 13-21-201(1)(a) and 13-21-201(1)(b), provide that, within the first year from the date of death, the surviving spouse of the deceased has the exclusive right to bring the action. *See Campbell v. Shankle, supra.*

Section 13-21-203, C.R.S. (1987 Repl.Vol. 6A) provides that:

"All damages accruing under section 13-21-202 shall be sued for and recovered by the same parties and in the same manner as provided in section 13-21-201, and in every such action the jury may give such damages as they may deem fair and just ... *to the surviving parties who may be entitled to sue....*" (emphasis added)

Here, as in the *Campbell* case, the action was initiated within one year of the death at issue. Hence, the surviving spouse, here Ms. Klancke, had the exclusive right *to sue under § 13-21-201 and she*, therefore, was the party entitled to recover the damages awarded.

Although we agree that the children are entitled to a portion of the award, we conclude that defendant Smith satisfied his statutory duty by paying the settlement proceeds to his client, the surviving party entitled to sue and recover damages. *See* § 13-21-203; *Campbell v. Shankle, supra.* And, given the surviving spouse's express statutory right to receive the proceeds, we agree with the trial court's conclusion that the identity of the payor, in *Campbell* an insurance company, here an attorney, does not alter the result.

We also perceive no duty owed by defendants to the children based upon an attorney-client relationship.

■ The relationship of an attorney and client is based upon contract which may be implied by the conduct of the parties. *People v. Razatos*, 636 P.2d 666 (Colo.1981). However, to establish such a relationship based upon conduct requires a showing that a person seeks and receives legal advice from an attorney regarding the legal consequences of the person's past or contemplated actions. *People v. Morley*, 725 P.2d 510 (Colo.1986).

Here, the children concede that they did not retain defendants to represent them. The children also concede that no "express attorney-client" relationship existed between defendants and themselves. Furthermore, the record reveals a developing adversity between the children and Ms. Klancke, concerning which defendants could not ethically represent both sides. Under these circumstances, defendants' only client was Ms. Klancke.

■ An attorney is charged with a duty to act in the best interest of his or her client, and in fulfilling this obligation, the attorney is liable for injuries to third parties only for conduct that is fraudulent or malicious. *Schmidt v. Frankewich*, 819

P.2d 1074 (Colo.App.1991); *McGee v. Hyatt Legal Services, Inc.*, 813 P.2d 754 (Colo. App.1990).

Here, the trial court specifically found no evidence of fraud or malice on the part of defendants, and our review of the record leads us to conclude that the trial court was correct in its finding.

Summary judgment is proper upon a clear showing that no genuine issue of material fact exists and that summary judgment should be entered as a matter of law. C.R.C.P. 56(c); *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

We conclude that no genuine issues exist here regarding defendants' duty to the children, and that the trial court correctly applied the law to the undisputed facts. Accordingly, the trial court's entry of summary judgment was proper.

The judgment is affirmed.

PLANK, J., concurs.

NEY, J., dissents.

Judge NEY dissenting.

I dissent from the majority's opinion which concludes that summary judgment in favor of defendant attorneys was appropriate merely because no attorney/client relationship existed between the defendants and the plaintiffs and, that therefore, the attorneys had no duty whatsoever to the plaintiffs. I would conclude that an attorney may, under circumstances as pled here, incur liability to non-clients.

Summary judgment is never warranted except on a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of establishing the lack of a triable factual issue and all doubts as to the existence of such an issue must be resolved against the moving party. Also, a party against whom summary judgment is sought is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

Here, it was undisputed that the attorney-defendants had no attorney/client relationship with the plaintiffs. I, therefore, agree that the malpractice claims were properly decided against the plaintiffs.

However, the plaintiffs also pled a violation of a fiduciary duty, alleging that the attorneys, after full knowledge of the plaintiff's interest in the proceeds of the wrongful death action and with knowledge that their client would receive the proceeds subject to that interest, advised their client to resist plaintiff's claims and wrongfully transferred the proceeds to their client.

The Colorado Wrongful Death Statute, 13–21–201 C.R.S. (1987 Repl.Vol. 6A), grants a surviving husband or wife the exclusive right to initiate an action under the statute during the first year after the death of the spouse. However, pursuant to § 13–21–201(2), if such an action is brought by the surviving spouse, "the judgment obtained in said action shall be owned by such persons as are heirs at law of the deceased under the statutes of descent and distribution and shall be divided among such heirs at law in the same manner as real estate is divided according to said statute of descent and distribution." Therefore, under the facts here, the plaintiffs, owned fifty percent of the proceeds of the wrongful death action.

The plaintiffs pled, and there is evidence in the record to support the allegation, that the defendants in concert with their client wrongfully asserted that the plaintiffs would not be entitled to any portion of the proceeds unless they could prove their net pecuniary loss. There was evidence in the record from which it could be inferred that the defendants advised their clients to resist such payment. Such a position is directly contrary to Colorado law. *See Clint v. Stolworthy*, 144 Colo. 597, 357 P.2d 649 (1960).

Under the Wrongful Death Statute, a husband or wife who receives the proceeds of a wrongful death action holds such in the nature of a trust for the other owners. The attorney for a trustee has a fiduciary duty to the beneficiaries of that trust even though those beneficiaries are not the at-

torney's clients. *See Weingarten v. Warren*, 753 F.Supp. 491 (S.D.N.Y.1990).

Furthermore, an attorney who receives funds which he knows belong to parties other than his client may be held liable for dispersing such funds to his client if he has been put on notice of such wrongful distribution. *See Coppock v. Helfer*, 515 P.2d 488 (Colo.App.1973) (Not Selected For Official Publication).

To conclude, as the majority does, that attorneys who are in possession of property, which they know is owned by individuals other than their clients, are immune from liability to rightful owners for improper distribution of such property would place attorneys in a unique and preferred status contrary to sound public policy.

I, therefore, would reverse the summary judgment entered in favor of the defendants on the plaintiff's claim of breach of fiduciary duty.