Loretta MITSON, Alegria Mitson–Salazar and Alyssa Mitson–Salazar, by and through their next friend Loretta Mitson, and Loretta Mitson as Personal Representative of the Estate of Leandro Salazar, Plaintiffs,

v.

AG ENGINEERING AND DEVELOPMENT CO., INC., a Washington corporation, Deere and Company, a Delaware corporation, and Coaldale Iron Products, Ltd., an Alberta, Canada corporation, Defendants,

Civ. A. No. 92–B–1376.

United States District Court, D. Colorado.

Nov. 1, 1993.

John Gehlhausen, John Gehlhausen, P.C., Lamar, CO, for plaintiffs.

Michael S. Burg, Tom Van Buskirk, Burg & Eldredge, P.C., Denver, CO, for AG Engineering.

Charles L. Casteel, Davis, Graham & Stubbs, Denver, CO, for Deere and Co.

Stan L. Spangler, Peggy A. Richter, Shaw, Spangler & Roth, P.C., Denver, CO, for Coaldale Iron Products, Ltd.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants AG Engineering and Development Co., and Deere and Company (collectively AG) move to limit plaintiffs' Loretta Mitson, Alegria Mitson–Salazar and Alyssa Mitson–Salazar's (collectively Mitson Family) recovery for noneconomic damages to a total of $250,000.00. This motion has been adequately briefed and oral argument will not materially aid its resolution. For all the reasons stated below, AG's motion will be granted.

This is a wrongful death action brought pursuant to § 13–21–201, C.R.S. *et seq.* by a widow and her two daughters. This suit stems from the death of Leandro Salazar who died on April 23, 1992 in a farm accident. *Each* plaintiff seeks to recover noneconomic damages totaling $250,000 for the wrongful death of her husband/father—for a total recovery of $750,000.

■ The sole issue presented here is whether the $250,000 statutory cap for noneconomic damages applies to wrongful death plaintiffs on an individual or collective basis. Wrongful death actions did not exist at common law; they are purely creatures of statute. *Niven, by and through Niven v. Falkenburg,* 553 F.Supp. 1021, 1023 (D.Colo.1983). Therefore, the terms of recovery are determined exclusively from the statute. *Campbell v. Shankle,* 680 P.2d 1352, 1353 (Colo. App.1984).

Colorado statutorily limits the types and amounts of damages recoverable in wrongful death actions. § 13–21–203 *et seq.,* 6A C.R.S. (1993 Supp.) In relevant part, § 13–21–203(1) provides:

All damages accruing under § 13–21–202 shall be sued for and recovered by the same parties and in the same manner as provided in § 13–21–201, and in every such action the jury may give such damages as they deem fair and just . . . including damages for noneconomic loss . . . subject to the limitations in § 13–21–102.5 and including within noneconomic loss or injury, damages for grief, loss of companionship,

pain and suffering, and emotional stress, to the surviving parties who may be entitled to sue ... There shall be only one civil action under this part 2 for recovery of damages for the wrongful death of any one decedent. Notwithstanding anything in this section or in section 13–21–102.5 to the contrary, there shall be no recovery under this part 2 for noneconomic loss ... in excess of two hundred fifty thousand dollars.

Section 13–21–102.5, 6A C.R.S. (1986), which predates § 13–21–203(1), provides in relevant part:

> ... (3)(a) In any civil action in which damages for noneconomic loss or injury may be awarded, the total of such damages shall not exceed the sum of two hundred fifty thousand dollar, unless the court finds justification by clear and convincing evidence therefor. In no case shall the amount of such damages exceed five hundred thousand dollars.

■ When two statutes concern the same subject matter, I must read them together and reconcile them, if possible, so as to give effect to each. *M.S. v. People,* 812 P.2d 632, 637 (Colo.1981). Section 13–21–203(1) and § 13–21–102.5 concern the same subject matter—limitations on damages for noneconomic loss.

Read together, these statutory provisions limit noneconomic damages to a total of $250,000 for a single wrongful death claim in "only one civil action". § 13–21–203(1) ("there shall be no recovery under [these wrongful death statutes] for noneconomic loss or injury in excess of two hundred fifty thousand dollars"). However, these statutes are silent as to whether this statutory cap is applicable jointly or severally to multiple plaintiffs.

■ I look to legislative intent when construing a statute silent as to a particular issue. *Watters v. Pelican Intern., Inc.,* 706 F.Supp. 1452 (D.Colo.1989). The primary indicia of legislative intent is the plain and ordinary meaning of the language employed. *Id.* Neither § 13–21–203(1) nor § 13–21–102.5 distinguish the amount of noneconomic recovery for multiple versus single plaintiffs.

These statutory provisions read together cap the noneconomic recovery in the one civil action. If the Colorado General Assembly intended that the statutory cap be applicable to *each* individual plaintiff, it could have explicitly said so. It is not for the courts to supply this missing language absent evidence of legislative intent that it be there. 73 Am.Jur.2d *Statutes* § 314 (1974).

Moreover, this interpretation is consistent with the purpose of the statutory limitation on noneconomic damages. Section 13–21–102.5, incorporated by § 13–21–203(1), provides in part:

> The general assembly finds ... that awards ... for noneconomic losses ... often unduly burden ... persons in this state; therefore, ... the general assembly ... plac[es] monetary limitations on damages for noneconomic losses ...

This expression of Colorado public policy demonstrates the General Assembly's concern with protecting individual defendants from responsibility for paying excessive amounts for noneconomic damages. *Niemet v. General Elec. Co.,* 843 P.2d 87, 90 (Colo. App.1992) (addressing the application of the noneconomic statutory damages cap in conjunction with pro-rata liability (§ 13–21–111.5, C.R.S.)) Here, imposing several rather than joint liability for noneconomic damages would effectively nullify clear Colorado public policy.

■ The legislative history of the amendments to § 13–21–203(1), C.R.S. also supports my interpretation. In discussing the amendments, Representative Berry stated:

> There have been some misunderstandings as to whether multiple actions could be brought based on the death of one person. *It is the Colorado case law as interpreted by the courts that only one action can be brought for the wrongful death of any one decedent,* and based on some of the misunderstanding, I felt it was necessary to put that into the statute to codify that rule. And you see the Berry floor amendment which says that *for the wrongful death of any person there may only be one action and one recovery and not multiple actions by multiple survivors,* and I would ask for

its adoption. Transcript of Proceedings in re: Senate Bill 93: Wrongful Death, House–Second Reading (March 22, 1989) at 146–147. (emphasis added).

Moreover, § 13–21–201, 6A C.R.S. (1993 Supp.) further confirms this limitation on noneconomic damage recovery by a spouse and a decedent's heirs in a single wrongful death action. Section 13–21–201, C.R.S. provides that damages for death may be sued for and recovered:

(1)(a) In the first year after such death:

(I) By the spouse of the deceased;

(II) Upon the written election of the spouse, by the spouse and the heir or heirs of the deceased:

(III) Upon the written election of the spouse, by the heir or heirs of the deceased; or

(IV) If there is no spouse, by the heir or heirs of the deceased.

.   .   .   .   .

(2) ... The judgment obtained in an action under this section shall be owned by such persons as are heirs at law of the deceased under the statutes of decent and distribution and shall be divided among such heirs at law in the same manner as real estate is divided according to said statute of descent and distribution.

Hence, a wrongful death action lies first and foremost in the spouse, who may join at her election, heir or heirs of the deceased. *Campbell v. Shankle,* 680 P.2d at 1353–54. The judgment's amount does not vary by the number of plaintiffs entitled to share in the proceeds.

I conclude that the Mitson Family is collectively limited to recovering the statutory cap of $250,000 for noneconomic injury in this action. The number of plaintiffs bringing this single wrongful death action does not increase the statutory cap set forth in § 13–21–203(1), C.R.S.

Because this case concerns one decedent only, I need not address the Mitson Family's argument that application of the noneconomic statutory cap here would have a chilling effect on class action suits. Section 13–21–203, C.R.S. limits noneconomic recovery "for

the wrongful death of any one decedent", not multiple decedents.

Accordingly, IT IS ORDERED that AG's motion to limit plaintiffs' recovery for noneconomic damages is GRANTED.