**William DEWEY, Plaintiff–Appellee and Cross–Appellant,**

v.

**Charlene HARDY and William G. Hardy, Defendants–Appellants and Cross–Appellees.**

**No. 94CA0490.**

Colorado Court of Appeals, Div. III.

Sept. 14, 1995.

Rehearing Denied Oct. 19, 1995.

Certiorari Denied May 28, 1996.

Warren, Mundt & Martin, P.C., Reid B. Kelly, Colorado Springs, for plaintiff-appellee and cross-appellant.

White and Steele, P.C., Glendon L. Laird, Monty L. Barnett, John M. Lebsack, Denver, for defendants-appellants and cross-appellees.

Opinion by Judge JONES.

In this wrongful death action, defendants, Charlene and William G. Hardy, appeal a judgment entered upon a jury verdict in favor of plaintiff, William Dewey. Plaintiff cross-appeals a post-verdict reduction of his damages. We affirm in part, vacate the judgment in part, and remand to the trial court for further proceedings.

Plaintiff instituted this action against the defendants under § 13–21–202, C.R.S. (1987 Repl.Vol. 6A), seeking damages for the wrongful death of his daughter. Prior to the filing of this action, on or about March 28, 1992, decedent's mother, who was the custodial parent of the decedent, had settled her claim for the wrongful death. Plaintiff was not involved in any way in that settlement agreement and decedent's mother is not a party to this suit.

Upon completion of discovery, plaintiff moved to amend his claim for wrongful death under § 13–21–202 and elected to recover a solatium in the amount of $50,000 pursuant to § 13–21–203.5, C.R.S. (1994 Cum.Supp.). Its basic purpose being to allow an award for solace of the grieved, this statutory provision states:

> In any case arising under § 13–21–202, the persons entitled to sue under the provisions of § 13–21–201(1) may elect in writing to sue for and recover a solatium in the amount of $50,000. Such solatium amount shall be in addition to economic damages and to reasonable funeral, burial, interment, or cremation expenses, which expenses may also be recovered in an action under this section. Such solatium amount shall be in lieu of non-economic damages recoverable under § 13–21–203 and shall be awarded upon a finding or admission of the defendant's liability for the wrongful death.

Plaintiff's motion to elect recovery of solatium was granted and the trial began seven months later to determine if defendants were liable.

Prior to trial, defendants challenged the constitutionality of the solatium statute by filing a motion for declaration of unconstitutionality. The record reflects that the trial court did not rule on that motion and commenced the trial on February 7, 1994. Pursuant to its interpretation of the solatium statute, the trial court limited the trial to a determination of defendants' liability. No evidence or testimony was presented regarding plaintiff's damages.

The jury found the defendants 65% at fault and the decedent 35% at fault for decedent's death. The trial court denied defendants' request that it reduce the $50,000 damage award in proportion to the amount of negligence attributable to the decedent in accordance with the comparative fault statute, § 13–21–111, C.R.S. (1987 Repl.Vol. 6A). The trial court did, however, reduce plaintiff's solatium award by $25,000 based upon its view that the decedent's mother had a right to 50% of the solatium award which she had essentially assigned to GEICO as defendants' insurer, pursuant to her settlement agreement with that company.

## I.

Defendants contend that the solatium statute is unconstitutional because it deprives them of property without due process of law and, therefore, is contrary to the Fourteenth Amendment and Colo. Const. art. II, § 25. Specifically, the defendants contend that by setting a fixed solatium award in the amount of $50,000, the statute denies them the right to a full hearing. We disagree.

In considering this contention, we presume that, in not ruling upon the motion for declaration of unconstitutionality, the trial court, in effect, denied the motion.

### A.

■ A statute is presumed constitutional and, therefore, the party challenging the statute must prove beyond a reasonable doubt that the statute is unconstitutional. *Bollier v. People*, 635 P.2d 543 (Colo.1981). It is within this context that we proceed to analyze defendants' contentions.

■ The essence of procedural due process, as guaranteed by Colo. Const. art. II, § 25, and the Fourteenth Amendment, is basic fairness and procedure. *deKoevend v. Board of Education*, 688 P.2d 219 (Colo. 1984). Thus, procedural due process protects an individual's use and possession of property from arbitrary encroachment and minimizes substantially unfair or mistaken deprivations of property. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

In *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976), the Supreme Court identified the specific criterion for consideration in regard to a challenged procedure, as follows:

First, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved in the fiscal and administrative burdens that the additional or substitute procedural requirement (sic) would entail.

Since our supreme court has likewise used the *Mathews* test in determining whether a violation of due process under the Colorado Constitution has occurred, we proceed under the *Mathews* standard. *See New Safari Lounge, Inc. v. Colorado Springs,* 193 Colo. 428, 567 P.2d 372 (1977).

■ The private interest affected by the solatium statute is the obvious potential loss of $50,000. While this is most certainly a deprivation of property, we recognize that the protections offered by the due process clauses are not as stringent when a deprivation of property is involved as opposed to a deprivation of a personal liberty. *Lamm v. Barber*, 192 Colo. 511, 565 P.2d 538 (1977).

Under the second prong of the *Mathews* test, we must consider the procedures provided for in the solatium statute. Under the statute, a defendant is deprived of his or her property only after a finding or admission of liability. Section 13–21–203.5, C.R.S. (1994 Cum.Supp.). Thus, unless there is an admission of liability, the statute requires the trial court, as it did here, to conduct a full civil trial to determine liability.

■ Defendants argue, however, that a trial to determine liability does not satisfy their rights to due process when, as here, they are found liable but denied the opportunity to present evidence and testimony regarding the extent of the plaintiff's damages.

The constitutional provisions assuring due process, however, only guarantee the right to be heard at a meaningful time or in a meaningful manner. *Mathews v. Eldridge, supra; New Safari Lounge, Inc. v. Colorado Springs, supra.* Since the solatium statute requires a full civil trial to determine liability if the defendants do not admit such, defendants do have a substantial opportunity to be heard. Whether this comports with the constitutional due process provisions depends on what additional procedures could be used and how they would affect the State's interest.

At the behest of the insurance industry, through the American Insurance Association and many prominent Colorado insurance companies, the General Assembly enacted the solatium, or "solace," statute for numer-

ous reasons. The General Assembly realized that wrongful death actions are emotionally painful experiences for surviving family members and can often translate into years of additional grief and suffering because of the protracted litigation involved in proving their non-economic loss: their feelings of mental anguish, bereavement, and sorrow. Hearings on S.B. No. 93 before the Senate Judiciary Committee, 57th General Assembly, First Session (February 1, 1989); Hearings on S.B. No. 93 on the Senate floor, 57th General Assembly, First Session (February 10, 1989).

By fixing what it considered to be a modest amount of damages for solatium in relation to the general limit on damages of five times that amount, i.e., $250,000, the General Assembly hoped to encourage the abbreviation of wrongful death actions through the "solatium" alternative, which, at most, would require only a trial to determine liability. The parties would avoid the trial process altogether if the defendant were to admit liability. Hearings on S.B. No. 93 before the House State of Affairs Committee, 57th General Assembly, First Session (March 14, 1989).

If we were to interpret the solatium statute to allow for a hearing on the issue of damages, in addition to those of liability, as the defendants urge, then the essential purpose of the statute would be defeated. In the face of such clear purpose and a rational basis for the legislation, we conclude that additional procedures beyond a determination of liability are not necessary to assure procedural due process.

Furthermore, with respect to the third prong of the *Mathews* test, we recognize, as did the General Assembly, that the statute could serve to unburden state trial court dockets, reduce the fiscal demands on the state for court resources, and allow the parties greatly to reduce or even avoid expensive legal fees.

Since no solatium damages can be awarded without a finding of the defendant's liability, and a party may effectively waive its due process rights to a hearing by admitting liability, *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972);

*Columbine Valley Construction Co. v. Board of Directors*, 626 P.2d 686 (Colo.1981), we conclude that the solatium statute provides sufficient procedural due process to protect defendants against any unfair or mistaken deprivation of property.

### B.

■ Defendants next contend that the solatium statute violates their rights to substantive due process by establishing a fixed amount of damages of $50,000 without requiring a plaintiff to prove the extent or amount of his damages. Thus, defendants argue, the solatium statute has a glaring potential for an excessive award of damages which would violate their rights to due process of law. We disagree.

The Supreme Court has recognized that authority exists in its opinions for the view that the Due Process Clause may appropriately place outer limits on the size of civil damages that may be awarded pursuant to a statutory scheme. *Browning–Ferris Industries v. Kelco Disposal, Inc.*, 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989). In addition, the Due Process Clause has been interpreted to forbid a state from imposing fines or penalties in favor of an aggrieved individual that are grossly excessive or so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable. *Waters–Pierce Oil Co. v. Texas*, 212 U.S. 86, 29 S.Ct. 220, 53 L.Ed. 417 (1909); *St. Louis, I.M. & S.R., Co. v. Williams*, 251 U.S. 63, 40 S.Ct. 71, 64 L.Ed. 139 (1919).

However, even if we assume these standards to be applicable here as the defendants contend, we are not willing to declare the statutorily fixed solatium award of $50,000 for the death of a human being to be so grossly excessive and severe as to be disproportionate to the offense and obviously unreasonable. Therefore, we conclude that the solatium statute creates a reasonable alternative by which family members may be quickly compensated for the loss of a loved one, and that that alternative is well within the bounds of the due process clauses of the

Fourteenth Amendment and the Colorado Constitution.

## II.

■ Defendants next contend that the trial court erred in refusing to reduce the $50,000 award to the plaintiff under the solatium statute by the amount of negligence attributed to the decedent pursuant to Colorado's comparative fault statute. We disagree.

Defendants argue that since the General Assembly included the solatium statute within the same article as other wrongful death statutes and the comparative fault statute, it intended the solatium statute to be subject to comparative fault principles. In addition, defendants argue that, since the comparative fault statute, § 13–21–111, C.R.S. (1987 Repl.Vol. 6A), specifically establishes that "any damages allowed shall be diminished in proportion of negligence attributable to the person for whose injury, damages, or death recovery is made," it must apply to the solatium statute. Finally, defendants argue that since the trial court required a jury verdict finding the defendants at least 51% at fault, in order for the plaintiff to recover a solatium award, the trial court selectively chose when Colorado's comparative fault statute should apply to the solatium statute and when it should not. We disagree with these contentions.

At first impression, the trial court's requirement that the jury find the defendants at least 51% at fault in order to award the solatium damages would seem to constitute the application of the comparative fault statute; however, such, in fact, is not the case.

■ The solatium statute specifically provides for the award of $50,000 only upon a finding or admission of the defendant's liability. Here, in the absence of an admission, the requirement of a finding by the jury that the defendants were at least 51% at fault in order to award damages reflects that the trial court was merely construing the solatium statute by its own terms. Since the solatium damage cannot be awarded until there is a finding of the defendants' liability, and liability cannot attach unless the defendants are at least 51% at fault, the trial court

did not err in requiring a finding that the defendants be found at least 51% at fault in order for the plaintiff to recover. *See Yeager v. Lathrop*, 28 Colo.App. 44, 470 P.2d 609 (1970) (if negligence and non-negligence equally probable then plaintiff's burden of proof not sustained).

■ Under broad principles of statutory construction, if a general provision conflicts with a special provision, the special provision shall prevail as an exception to the general provision unless the general provision is the later adoption and the manifest intent of the General Assembly is that the general provision prevail. Section 2–4–205, C.R.S. (1980 Repl.Vol. 1B); *Denver v. Hansen*, 650 P.2d 1319 (Colo.App.1982). Although the defendants argue the comparative fault statute is specific in its terms and should control over the more general solatium statute, we conclude just the opposite.

By enacting the solatium statute, the General Assembly intended to create a specific fixed award which plaintiffs could recover upon establishing a defendant's liability. This would relieve a plaintiff from enduring a protracted trial as to the issue of damages and possibly encourage defendants to admit liability or, at least, greatly reduce the length of a wrongful death trial.

The solatium statute is applicable only under the very specific circumstances of a wrongful death action commenced under § 13–21–202. To the contrary, the comparative fault statute is a statute of general nature that applies in a variety of circumstances. *See G.E.C. Minerals, Inc. v. Harrison Western Corp.*, 781 P.2d 115 (Colo.App.1989) (simple negligence, gross negligence, or willful and reckless negligence); *Lee v. Colorado Department of Health*, 718 P.2d 221 (Colo.1986) (loss of consortium); and *Robinson v. Poudre Valley Federal Credit Union*, 654 P.2d 861 (Colo.App.1982) (negligent misrepresentation).

In addition, to allow for reduction of the already reduced lump-sum award through the application of general comparative negligence principles would strongly encourage defendants to engage in protracted litigation as to liability alone. This would defeat the

purpose of the statute. Therefore, considering the purpose of the solatium statute, we conclude that, by granting a fixed award of $50,000 to the plaintiff upon a finding or admission of a defendant's liability, the General Assembly intended the solatium award to be exempt from reduction by operation of the comparative fault statute.

### III.

■ Finally, defendants contend that the trial court abused its discretion in awarding costs to the plaintiff and in denying the defendants' costs. We disagree.

Defendants argue that since the plaintiff abandoned his claim under § 13–21–202 in favor of a claim for solatium under § 13–21–203.5, the defendants effectively prevailed on plaintiff's claim under § 13–21–202. Therefore, they argue, it was an abuse of discretion by the trial court to award the plaintiff his costs associated with his § 13–21–202 claim and deny the defendants' costs in defending against the § 13–21–202 claim.

■ Generally, a trial court enjoys great discretion in awarding costs, and an appellate court will not overturn such an award unless an abuse of discretion is found. *Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936 (Colo. 1993). However, if the actions of a trial court are manifestly arbitrary, unreasonable, or unfair, an abuse of discretion may be found. *Colorado National Bank v. Friedman*, 846 P.2d 159 (Colo.1993).

Under the circumstances here, although the plaintiff did abandon his wrongful death action under § 13–21–202 in favor of a wrongful death action under § 13–21–203.5, the effect of plaintiff's decision to proceed under § 13–21–203.5 affected only the damages plaintiff could recover. Both statutes create a claim for the wrongful death and the substance of each claim is identical. Furthermore, § 13–21–203.5 claims may only be brought in cases arising under § 13–21–202, as an alternative means of establishing damages.

Since the plaintiff prevailed on his § 13–21–203.5 wrongful death claim, we conclude the trial court did not err in awarding costs to him in pursuing his entire wrongful death action and in denying defendants' costs. *See* C.R.C.P. 54(d).

### IV.

In his cross-appeal, plaintiff contends that the trial court erred in reducing by 50% the $50,000 award under the solatium statute. For substantive reasons other than those plaintiff has asserted in his cross-appeal, we vacate that portion of the judgment that reduces or offsets the solatium award and remand with directions.

In response to inquiries by this court, the respective parties have submitted written arguments asserting that the plaintiff and the named defendants are the only parties required in this matter for a just adjudication of all issues in the case. However, the trial court, in response to a request from this court to clarify its judgment, included defendants' insurer as an additional defendant in the caption and asserted that this "defendant" is "entitled to a setoff of [$25,000]."

■ A person, properly subject to service of process, shall be joined as a party in an action if complete relief cannot be accorded, in his or her absence, among those already parties, and if the absent party claims an interest in the subject matter of the action. C.R.C.P. 19(a). The provision in the rule for joinder of persons needed for just adjudication, C.R.C.P. 19(a), is mandatory and requires the court to join persons falling within its provisions, if feasible. *Potts v. Gordon*, 34 Colo.App. 128, 525 P.2d 500 (1974).

■ Here, the absent parties, GEICO Company and plaintiff's former wife, were not required to be joined in the liability phase of the trial. Counsel for the parties have stated, for instance, that the claims of the plaintiff against GEICO Company were "separate and distinct, and were based upon separate, albeit related, facts." As to that matter, the court granted severance of the cases, and the record of that matter is not before this court.

However, as to the damage phase of the instant case, the absent parties should have been present concerning their presumed interest in any judgment and because of the

312

conflicting nature of those interests *vis-a-vis* the interests of the plaintiff in the statutory solatium award. *Compare Pierce v. Conners,* 20 Colo. 178, 37 P. 721 (1894) *with Klancke v. Smith,* 829 P.2d 464 (Colo.App. 1991) *and Campbell v. Shankle,* 680 P.2d 1352 (Colo.App.1984).

For these reasons, that portion of the judgment in favor of plaintiff and parties not before the court in this case is vacated. The cause is remanded to the trial court for joinder of all parties claiming an interest in the solatium, and for further proceedings concerning the entitlement of any parties to such an award. The remainder of the judgment is affirmed.

HUME and TAUBMAN, JJ., concur.