25CA0981 Stansbury v OMH 04-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0981
Jefferson County District Court No. 25CV63
Honorable Ryan P. Loewer, Judge

Dean Stansbury,

Plaintiff-Appellant,

v.

OMH, Inc., and Steven Boatright, Esq.,

Defendants-Appellees.

APPEAL DISMISSED IN PART, JUDGMENT AFFIRMED,
AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE GOMEZ
Pawar and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 30, 2026

Dean Stansbury, Pro Se

Overturf McGath & Hull, P.C., Steven W. Boatright, Denver, Colorado, for
Defendant-Appellee OMH, Inc.

Overturf McGath & Hull, P.C., Jason P. Rietz, Denver, Colorado, for Defendant-
Appellee Steven Boatright, Esq.

¶ 1 Plaintiff, Dean Stansbury, brought this case alleging a legal malpractice claim and related theories against defendants, a law firm (Overturf McGath & Hull, P.C., also known as OMH Inc.) and an attorney (Steven Boatright), relating to their work in a previous case Stansbury had pursued against their client, Colorado Natural Gas, Inc. (Colorado Natural). Defendants moved to dismiss this case under C.R.C.P. 12(b)(5), arguing that Stansbury hadn't stated a plausible claim because there was no attorney-client relationship between the parties. The district court agreed; dismissed the case with prejudice; and awarded attorney fees and costs to defendants under section 13-17-201(1), C.R.S. 2025, and C.R.C.P. 54(d).

¶ 2 Stansbury now appeals, challenging the judgment of dismissal and the order awarding attorney fees and costs. We affirm the judgment, concluding that the district court properly dismissed the case under Rule 12(b)(5). But we dismiss the appeal to the extent that Stansbury challenges the order awarding fees and costs because that issue is not properly before us. Finally, we conclude that defendants are entitled to an award of their reasonable appellate attorney fees, and we remand the case to the district court to determine and award those fees.

## I. Background

¶ 3 Stansbury previously filed a case against Colorado Natural, his natural gas provider, regarding damage it allegedly caused to his property.[1] Boatright, an attorney at Overturf McGath & Hull, P.C., represented Colorado Natural in that case.

¶ 4 While his appeal of the district court's adverse ruling in that earlier case was pending, Stansbury filed this case.[2] In his complaint, he cited the district court and court of appeals case numbers from the earlier case and alleged theories of "malpractice, malfeasance, misrepresentations of material fact[,] and denial & delay of insurance benefit without cause," as well as "negligence, breach of contract, failure to disclose material information, failure of duty to be truthful and factual, etc. by a lawyer during the provision of legal services." Stansbury later filed an amended complaint, asserting the same allegations but adding as attachments documents from the earlier case.

---

[1] Stansbury and his son were both plaintiffs in the earlier case. Stansbury's son is not a party to this case.

[2] Stansbury's appeal in the earlier case was ultimately unsuccessful. *See Stansbury v. Colo. Nat. Gas, Inc.,* (Colo. App. No. 24CA1147, May 29, 2025) (not published pursuant to C.A.R. 35(e)).

2

¶ 5     Defendants filed a motion to dismiss under Rule 12(b)(5), asserting that Stansbury had failed to state a plausible claim for relief.  The district court granted defendants' motion and dismissed the case with prejudice.  In doing so, the court expressed that it "under[stood] the crux of [Stansbury's] claim to be one of [legal] malpractice."  The court then concluded that there were no alleged facts to support an attorney-client relationship between defendants and Stansbury and, therefore, that Stansbury had not asserted a cognizable claim.

¶ 6     Stansbury filed a timely notice of appeal seeking review of the judgment of dismissal.

¶ 7     A few days later, defendants filed a motion to recover their attorney fees and costs.  The district court then entered an order awarding defendants attorney fees under section 13-17-201(1) and costs under C.R.C.P. 54(d).  Stansbury did not amend his notice of appeal or separately appeal the attorney fee and cost order.

¶ 8     On appeal, Stansbury challenges both the judgment of dismissal and the attorney fee and cost order.  We consider each challenge in turn.  As to both challenges, we keep in mind that, while we liberally construe arguments advanced by self-represented

parties like Stansbury, *see Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶ 11, a self-represented party still must comply with the same procedural rules that apply to parties represented by counsel, *see Adams v. Sagee,* 2017 COA 133, ¶ 10.

## II.  Dismissal for Failure to State a Claim

¶ 9 Stansbury first challenges the district court's judgment dismissing his case for failure to state a claim.  We discern no error.

## A.  Legal Standards

¶ 10 We review de novo a district court's order granting a motion to dismiss under Rule 12(b)(5).  *Miller v. Crested Butte, LLC*, 2024 CO 30, ¶ 21.  In doing so, "we apply the same standards as the district court, and we accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff."  *Id.* And, like the district court, we consider only the facts alleged in the complaint, documents attached as exhibits to or referenced in the complaint, and matters of which we may take judicial notice. *802 E. Cooper, LLC v. Z-GKids, LLC*, 2023 COA 48, ¶ 12.

¶ 11 To survive a Rule 12(b)(5) motion to dismiss under the applicable "plausibility" standard, a plaintiff must allege a plausible claim for relief.  *Miller,* ¶ 22.  This means that "'the factual

allegations of the complaint must be enough to raise a right to relief "above the speculative level"' and 'state a claim for relief that is plausible on its face.'" *802 E. Cooper*, ¶ 11 (quoting *Warne v. Hall*, 2016 CO 50, ¶¶ 1, 9).

## B.   Discussion

¶ 12    Although in the amended complaint Stansbury alludes to a broad variety of theories, his factual allegations all relate to defendants' alleged legal malpractice during the previous case.

¶ 13    To state a legal malpractice claim based on an attorney's negligence, a plaintiff must allege sufficient facts to establish that (1) the attorney owed a duty of care to the plaintiff; (2) the attorney breached that duty; (3) the breach caused an injury to the plaintiff; and (4) damages resulted. *See Boulders at Escalante LLC v. Otten Johnson Robinson Neff & Ragonetti PC*, 2015 COA 85, ¶ 27.

¶ 14    To satisfy the first element — establishing a legal duty — a plaintiff generally must allege sufficient facts to show "the existence of an attorney-client relationship between the [plaintiff] and the lawyer." *Mehaffy, Rider, Windholz & Wilson v. Cent. Bank Denv., N.A.*, 892 P.2d 230, 239 (Colo. 1995). "Conversely, when no attorney-client relationship exists between the plaintiff and the

attorney, a court may properly dismiss a legal malpractice action."
*Brown v. Silvern*, 45 P.3d 749, 752 (Colo. App. 2001).

¶ 15   The need to anchor legal malpractice claims to an attorney-client relationship arises out of "the duty that an attorney owes 'to [their] client to employ that degree of knowledge, skill, and judgment ordinarily possessed by members of the legal profession in carrying out the services for [their] client.'" *Mehaffy*, 892 P.2d at 240 (quoting *Temple Hoyne Buell Found. v. Holland & Hart*, 851 P.2d 192, 198 (Colo. App. 1992)).  Because attorneys don't owe such a duty to people who aren't their clients — such as opposing parties — "attorney malpractice cannot extend to non-clients." *Id.*; *see also Stone v. Satriana*, 41 P.3d 705, 709 n.6 (Colo. 2002) ("[A]ttorneys do not generally owe a legal duty to their client's adversary . . . .").

¶ 16   The relationship between an attorney and a client is based on the law of contracts and may, in some instances, be implied by the parties' conduct.  *Klancke v. Smith*, 829 P.2d 464, 466 (Colo. App. 1991).  But "to establish such a relationship based upon conduct requires a showing that a person seeks and receives legal advice

from an attorney regarding the legal consequences of the person's past or contemplated actions." *Id.*

¶ 17    In his amended complaint, Stansbury acknowledged that, in the earlier case, he was unrepresented and defendants represented his opponent, Colorado Natural.  Nevertheless, he alleged that he had an attorney-client relationship with defendants:

> A simple property damage claim was placed with [Colorado Natural] . . . .  Steven Boatright was assigned to handle the case . . . .  Therefore, Stansbury [and his wife] are technically clients of Steven Boatright and [Overturf McGath & Hull, P.C.].  Because . . . Stansbury was unrepresented by counsel in th[e] case, Steven Boatright owes a duty of care to . . . Stansbury [and his wife].  In all pleadings of the case[,] Counsel Boatright enforced authority over Stansbury for compliance to C.R.C.P. rules.  Therefore[,] an attorney-client relationship is established by the fact that . . . Stansbury [and his wife] paid for [n]atural [g]as [s]ervices[,] which paid for the attorney's contract [through] multiple pathways.[3]

¶ 18    These allegations do not establish that an attorney-client relationship existed between defendants and Stansbury.  While Stansbury alleged that he paid Colorado Natural for natural gas

---

[3] Although Stansbury referenced his wife in his amended complaint, she wasn't a party to the earlier case, nor is she a party to this case.

7

services and that Colorado Natural in turn paid defendants for legal services, this does not in fact establish the existence of an express contract for legal representation directly between Stansbury and defendants.  Nor did Stansbury allege that he had sought or received legal advice from defendants, such that an attorney-client relationship could be implied.  *See id.*  Rather, Stansbury conceded that defendants represented his opponent.  And, as the district court explained, "[s]uch a circumstance is the opposite of an attorney-client relationship."

¶ 19     Because Stansbury didn't allege sufficient facts to establish an attorney-client relationship, defendants didn't owe a duty of care to him that could support a claim for legal malpractice.  Moreover, Stansbury didn't allege in his amended complaint that defendants owed him any other duty of care such that they could be liable to him under another theory of negligence.

¶ 20     Finally, to the extent that Stansbury alleged any intentional misconduct — such as by asserting in his amended complaint that defendants "intentionally made several false representations of material fact" and "failed to provide cause to object to payment of [his] claims" — his allegations are too vague and conclusory to state

8

a claim. It is true that an attorney may be liable to a non-client in a "narrow set of circumstances in which the attorney has committed fraud or a malicious or tortious act, including negligent misrepresentation." *Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011). But Stansbury failed to allege any specific facts as to any particular misrepresentation or other act that would "'raise a right to relief "above the speculative level"' and 'state a claim for relief that is plausible on its face.'" *802 E. Cooper*, ¶ 11 (quoting *Warne*, ¶¶ 1, 9).

¶ 21     Therefore, we conclude the district court properly dismissed Stansbury's amended complaint for failure to state a claim.

## C.     Remaining Arguments

¶ 22     Stansbury also raises four other issues regarding the district court's dismissal order. First, he argues that the court made clerical errors in its caption by listing him as the "petitioner" rather than the "plaintiff" and listing defendants in the opposite order from how he'd listed them in his amended complaint. Even if these were clerical errors, they have no bearing on the propriety of the district court's dismissal of the case.

¶ 23     Second, Stansbury asserts that he didn't receive the district court's civil procedure order and wasn't contacted by the court clerk

regarding any issues with the service of process. But he doesn't offer, and we don't perceive, any connection between either of these assertions and the district court's decision regarding the sufficiency of his amended complaint. Thus, these assertions don't provide any basis to reverse the dismissal order.

¶ 24 Third, Stansbury contends that the district court misstated or misrepresented portions of his amended complaint. We disagree. The court accurately set forth the gist of that pleading and correctly concluded that it didn't state a plausible claim for relief.

¶ 25 And fourth, Stansbury says the district court didn't apply the correct legal standard and took an "unsympathetic" and "negative" position toward him. But the court correctly set forth and applied the standards of Rule 12(b)(5). And our review does not reveal any bias by the court. We see no indication that the court did anything other than act impartially in determining the case before it, and the fact that the court's ruling was adverse to Stansbury does not establish a bias against him. *See In re Marriage of Hatton*, 160 P.3d 326, 330 (Colo. App. 2007) ("Adverse rulings, standing alone, do not constitute grounds for claiming bias or prejudice.").

### III. Award of Attorney Fees and Costs

¶ 26    Stansbury next challenges the district court's order awarding defendants their attorney fees and costs. We don't review this challenge, as we have no jurisdiction to consider it.

¶ 27    An order awarding attorney fees and costs is distinct and "separately appealable from the judgment on the merits." *Oster v. Baack*, 2015 COA 39, ¶ 20; *accord L.H.M. Corp., TCD v. Martinez*, 2021 CO 78, ¶ 23. Failure to separately appeal the award of fees and costs deprives this court of jurisdiction to consider the issue. *See Dawes Agency, Inc. v. Am. Prop. Mortg., Inc.*, 804 P.2d 255, 257 (Colo. App. 1990).

¶ 28    Defendants sought and the district court awarded attorney fees and costs *after* Stansbury had already filed his notice of appeal concerning the judgment of dismissal. Stansbury needed to separately appeal the fees and cost order after that order was entered. Because he didn't do so, we have no jurisdiction to consider his challenge to the fee and cost award. Accordingly, we

dismiss that portion of the appeal. *See Oster*, ¶ 20; *Dawes*, 804 P.2d at 257.[4]

IV.    Appellate Attorney Fees

¶ 29    Lastly, defendants request an award of attorney fees incurred in this appeal. They are entitled to such an award because they successfully defended the district court's Rule 12(b) dismissal of Stansbury's amended complaint, which alleged a claim that sounded in tort. *See* § 13-17-201(1) ("In all actions brought as a result of . . . an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under [Rule 12(b)], such defendant shall have judgment for [their] reasonable attorney fees in defending the action."); *State Farm Fire & Cas. Co. v. Weiss*, 194 P.3d 1063, 1069 (Colo. App. 2008) (the statute applies to attorney fees spent successfully defending a Rule 12(b) dismissal on appeal); *see also Allen*, 252 P.3d at 485 (referring to the "tort of legal malpractice").

---

[4] We do not consider the documents Stansbury attached to his opening brief that were not part of the record on appeal. To have us consider those documents, Stansbury needed to file a motion to supplement the record, *see* C.A.R. 10(f)(2), but he didn't do so.

¶ 30     We accordingly grant defendants' request.  Pursuant to C.A.R. 39.1, we exercise our discretion to remand the case to the district court to determine the amount of reasonable appellate attorney fees to be awarded to defendants.

## V.     Disposition

¶ 31     The judgment is affirmed.  The appeal is dismissed to the extent that Stansbury challenges the district court's order awarding defendants attorney fees and costs.  The case is remanded to the district court to determine and award defendants' reasonable appellate attorney fees.

JUDGE PAWAR and JUDGE JOHNSON concur.