**Eric J. PIERCE, Plaintiff–Appellant,**

v.

**Richard L. WIGLESWORTH,
Defendant–Appellee.**

**No. 92CA1658.**

Colorado Court of Appeals,
Div. II.

Aug. 11, 1994.

Rehearing Denied Oct. 13, 1994.

Certiorari Denied May 8, 1995.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Purvis, Gray, Schuetze, & Gordon, William R. Gray, Glen F. Gordon, Boulder, for plaintiff-appellant.

Hall & Evans, L.L.C., Alan Epstein, John P. Mitzner, Denver, for defendant-appellee.

Opinion by Judge METZGER.

In this personal injury action against defendant, Richard L. Wiglesworth, plaintiff, Eric J. Pierce, challenges the trial court's interpretation of the proportionate fault statute, § 13–21–111.5(4), C.R.S. (1987 Repl.Vol. 6A), which provides that, when two or more persons "consciously conspire and deliberately pursue a common plan or design to commit a tortious act," the tortfeasors shall be held jointly liable for the damages resulting from their actions. The trial court concluded that the defendant could not be held jointly liable under the statute for damages attributable to the conduct of another tortfeasor who had reached an out-of-court settlement with plaintiff. We disagree and therefore reverse the judgment and remand the cause with directions.

Plaintiff, a passenger in a vehicle driven by Jodie Daniels, was severely injured when Daniels, while engaged in a drag race with defendant, collided with a truck. Plaintiff reached a settlement with Daniels, and then brought this action against defendant and a number of other parties.

Following trial, the jury found that plaintiff had incurred a total of $1,125,000 in damages. The jury apportioned 5% of the fault for these damages to defendant and 90% to Daniels, who was designated as a non-party at fault.

Although Daniels would have been responsible for $1,012,500 of the total damage award under the jury's apportionment of fault, she had settled before trial with plaintiff for $50,000, the limit of her insurance coverage. Plaintiff argued that, pursuant to § 13–21–111.5(4), the remaining balance of the damages attributable to Daniels' conduct should be included in the judgment against defendant because the jury had made a special finding that Daniels and defendant had deliberately pursued a "common plan" to engage in the speed contest.

The trial court rejected this argument. It held that the proportionate fault statute did not allow for the imposition of joint liability when only one joint tortfeasor had proceeded to trial as a defendant. Furthermore, it ruled that a defendant could not be held jointly liable for the damages attributable to a tortfeasor who had settled before trial because § 13–50.5–105, C.R.S. (1987 Repl.Vol. 6A) of the Uniform Contribution Among Tortfeasors Act, § 13–50.5–101, et seq., C.R.S. (1987 Repl.Vol. 6A) (the Contribution Act), requires that the total damage award be reduced by a settling tortfeasor's percentage of negligence. Consequently, the court concluded that plaintiff was entitled to recover only 5% of the total damage award from defendant. This appeal followed.

The Contribution Act, as originally enacted in 1977, codified the common law rule that each tortfeasor who acted in concert with others was jointly and severally liable for the full amount of the damages incurred. *See* Colo.Sess.Laws 1977, ch. 195, § 13–50.5–103 at 809 ("When there is a disproportion of fault among joint tortfeasors, the relative degrees of fault of the joint tortfeasors shall be used in determining their pro rata shares solely for the purpose of determining their rights of contribution among themselves, *each remaining severally liable to the injured person for the whole injury as at common law.*") (emphasis added) The Contribution Act sought to encourage settlements without adversely affecting a plaintiff's ability to obtain full recovery. Accordingly, § 13–50.5–105 of the Act retained the common law rule that settlement payments from one tortfeasor simply reduced the amount of damages that could be collected from the other joint tortfeasors. *See* Colo.Sess.Laws 1977, ch. 195, § 13–50.5–105 at 810. *See also Greenemeier v. Spencer*, 719 P.2d 710 (Colo. 1986); *Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969).

In 1986, the General Assembly abolished joint and several liability with the enactment of the proportionate fault statute, § 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A), which strictly limited each tortfeasor's liability to the percentage of a plaintiff's damages that corresponded to the tortfeasor's individual degree of fault. *See* Colo.Sess.Laws 1986, ch. 108 at 680–681. *See also Brochner v. Western Insurance Co.*, 724 P.2d 1293 (Colo. 1986).

In conjunction with this enactment, the General Assembly amended the provision in § 13–50.5–105 of the Contribution Act concerning the effect of a settlement, so that the plaintiff's amount of recovery would be offset based upon the *percentage* of fault of the settling parties rather than by the amount paid in settlement. *See* Colo.Sess.Laws 1986, ch. 108, § 13–50.5–105 at 681. Under this statutory scheme, plaintiff bore the loss when the amount of settlement was less than the settling tortfeasor's proportionate share of the damages. *See Smith v. Zufelt*, 856 P.2d 8 (Colo.App.1992); *Gutierrez v. Bussey*, 837 P.2d 272 (Colo.App.1992); *Herrera v. Gene's Towing*, 827 P.2d 619 (Colo.App.1992).

In 1987, the General Assembly amended the proportionate fault statute and reintroduced the principle of joint liability for cases in which tortfeasors had engaged in concerted activity. *See* Colo.Sess.Laws 1987, ch. 102

at 551–552. Specifically, § 13–21–111.5(4) now provides as follows:

> Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act. Any person held jointly liable under this subsection (4) shall have a right of contribution from his fellow defendants acting in concert. A defendant shall be held responsible under this subsection (4) only for the degree or percentage of fault assessed to those *persons who are held jointly liable* pursuant to this subsection (4). (emphasis added)

The dispute here concerns whether, under the joint liability amendment to the proportionate fault statute, a defendant's responsibility for the fault of "persons who are held jointly liable" extends only to those joint tortfeasors who are parties to an action and against whom a judgment has entered. Our review of the legislative history leads us to conclude that the amendment authorizes the imposition of liability upon a defendant for the fault of *all* other joint tortfeasors, regardless of whether they have settled with the plaintiff.

The joint liability amendment to the proportionate fault statute, as initially proposed in House Bill 1184, was directly modeled on the following proposal by the American Tort Reform Association (ATRA) in its *Legislative Resource Book for Tort Reform* A–1 (1986):

> Joint liability shall be imposed on *all* who pursue a common plan or design to commit a tortious act or actively take part in it. Any person held jointly liable for actions in concert shall have a right of contribution from his fellow defendants acting in concert. A defendant shall be held responsible only for the portion of fault assessed to *those with whom he acted in concert.* (emphasis added)

In its comment to the proposal, the ATRA emphasized that the joint liability rule allows for an individual defendant to be jointly liable for the fault of all persons who are found to have "acted in concert" with that defendant:

> Pure several liability is inequitable when the defendants have acted together to injure the plaintiff. The plaintiff should not bear the responsibility of joining all the wrongdoers, nor should he/she bear the risk of uncollectibility when the defendants have acted in concert.
>
> The rationale for such [a] rule is that here, the injury is truly 'indivisible.' It is difficult for a jury to assess the fault of each tortfeasor when they have all acted with a common purpose. Therefore, *any one of them should be held liable for the entire judgment....* Any one of the defendants who acted in concert may be held liable for *all negligence assessed to the group.* (emphasis added)

ATRA, *Legislative Resource Book for Tort Reform, supra,* at A–3.

Although House Bill 1184 rephrased the last sentence of the ATRA proposal, so that a defendant's liability was termed as encompassing the fault of "those persons who are held jointly liable," rather than as the fault of "those with whom he acted in concert," the representative who introduced the bill before the House Judiciary Committee stated that the amendment to the proportionate fault statute was intended to have the same effect as the ATRA proposal: "[I]f a group conspires to commit a tort.... then we go back to the old law and one of those conspirators, co-conspirators, could be held fully liable for the injury that they caused." *See* Tape Recording of House Judiciary Committee Hearing on House Bill 1184, 56th General Assembly, 1st Regular Session (February 26, 1987).

The joint liability provision is designed to protect a plaintiff's ability to obtain full recovery by making a defendant bear the loss when a proportionate share of damages cannot be collected from other joint tortfeasors. *Cf. Kussman v. City & County of Denver,* 706 P.2d 776 (Colo.1985).

This policy, however, cannot be reconciled with the Contribution Act's provision in § 13–50.5–105 pertaining to settlements, which, as noted above, requires that a plaintiff bear the loss when the amount of a settlement is less than the settling tortfeasor's proportionate share of damages. Given this conflict, the joint liability provision, as the more recently enacted statute, must be deemed controlling to the extent of the inconsistency. *See L.D.G. v. E.R.,* 723 P.2d 746

(Colo.App.1986). Accordingly, we conclude that § 13–50.5–105 does not apply to reduce a defendant's liability under § 13–21–111.5(4).

The judgment is reversed, and the cause is remanded to the trial court for modification of the judgment in accordance with the terms of this opinion.

JONES and KAPELKE, JJ., concur.