**INLAND/RIGGLE OIL CO., f/d/b/a Riggle Oil Co., Petitioner,**

v.

**Randy PAINTER, Respondent.**

**No. 95SC652.**

Supreme Court of Colorado, En Banc.

Nov. 4, 1996.

Campbell, Latiolais & Ruebel, P.C., Colin C. Campbell, Denver, for Petitioner.

Leventhal & Bogue, P.C., Bruce J. Kaye, Grant Marylander, Denver, for Respondent.

Justice KIRSHBAUM delivered the Opinion of the Court.

In *Painter v. Inland/Riggle Oil Co.*, 911 P.2d 716 (Colo.App.1995), the court of appeals held that a responsible nonparty who cannot be a defendant in a comparative negligence action can nonetheless be considered a "person against whom recovery is sought" for purposes of the comparative negligence statute, section 13–21–111, 6A C.R.S. (1987). Having granted certiorari to review the court of appeals' decision, we affirm.

## I

On January 31, 1991, respondent Randy Painter was directed by an agent of his employer, Westran, Inc., to climb a large cylindrical fuel tank located at Westran's fuel storage facility in Grand Junction, Colorado, and measure the contents of the tank with a dipstick. The tank was covered with ice and snow. While performing that task, Painter slipped off the tank and injured himself. Painter received workers' compensation benefits as a result of this work-related accident.

In October 1992, Painter filed an action against petitioner, Inland/Riggle Oil Co. (Inland), asserting claims of negligence and strict liability in connection with Inland's conduct in manufacturing the tank. Inland designated Westran as a responsible nonparty pursuant to section 13–21–111.5(3), 6A C.R.S. (1987).[1] At the conclusion of a jury trial the jury returned a special verdict find-

---

1. Westran could not be joined as a party defendant because, as an employer complying with the Workers' Compensation Act, it could not be held liable for personal injuries sustained on the job by Painter, its employee. § 8–41–102, 3B C.R.S. (1996 Supp.).

ing Westran 60 percent negligent, Painter 35 percent negligent, and Inland 5 percent negligent. The trial court ultimately entered judgment on behalf of Inland and against Painter because Painter's negligence was greater than Inland's negligence. Painter was thus prohibited from recovering damages against Inland under section 13–21–111(1), 6A C.R.S. (1987).

On appeal, the court of appeals reversed the trial court's judgment. The court noted that in *Mountain Mobile Mix, Inc. v. Gifford,* 660 P.2d 883 (Colo.1983), we held that where multiple defendants contribute to a plaintiff's injury, the plaintiff's negligence must be compared with the combined negligence of all such defendants. *Painter,* 911 P.2d at 718. The court of appeals then determined that the General Assembly's purpose in permitting the designation of responsible nonparties was to permit more accurate apportionment of the pro rata share of damages a negligent defendant must pay pursuant to section 13–21–111.5, 6A C.R.S. (1987). *Painter,* 911 P.2d at 719. The court of appeals concluded that a designated responsible nonparty must be considered a "person against whom recovery is sought" for the limited purpose of accurately apportioning fault and held that Inland was liable to Painter for 5 percent of the total damages sustained by Painter—the percentage of negligence attributed to Inland by the jury. *Id.* at 720.

## II

■ Inland argues that, contrary to the court of appeals' conclusion, Westran cannot be deemed a "person against whom recovery is sought" for purposes of apportioning negligence because Painter could not recover money damages from Westran. We disagree.

The General Assembly has adopted the following relevant provisions respecting the apportionment of damages among negligent plaintiffs and negligent defendants:

Contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought ....

§ 13–21–111(1), 6A C.R.S. (1987).

In *Mountain Mobile Mix* we had reason to construe the phrase "person against whom recovery is sought" in the context of a negligence action filed by a single plaintiff against two defendants. We held that, pursuant to the provisions of section 13–21–111.5, 6A C.R.S. (1987), the plaintiff's negligence must be compared against the combined negligence of both defendants rather than against the negligence of each individual defendant. We further held that if the plaintiff's negligence is less than the combined negligence of multiple defendants, the plaintiff may recover damages from each defendant according to that defendant's pro rata share of responsibility, even though the plaintiff's negligence may be greater than the negligence of that particular defendant. *Mountain Mobile Mix,* 660 P.2d at 888.

Colorado's pro rata liability statute, section 13–21–111.5, 6A C.R.S. (1987 & 1996 Supp.), provides that in civil actions based on a claim of negligence, plaintiffs and defendants may designate nonparties as being wholly or partially negligent, and authorizes the finder of fact to consider the percentage of a nonparty's negligence in apportioning ultimate liability. In this case, the jury found that the negligence of Westran and the negligence of Painter exceeded the negligence of Inland. Thus, as Inland points out, Painter could not recover damages from Inland if Westran's negligence could not be incorporated into the formula for apportionment of liability.

Inland argues that the language of section 13–21–111(1) clearly prohibits consideration of Westran's negligence in this case because Painter cannot recover damages from Westran. We reject Inland's proposed construction of the statutory language.

Inland assumes that the phrase "person against whom recovery is sought" is susceptible to only one definition, namely, a named party defendant in a civil action based on a negligence claim. However, the phrase "to recover" is defined generally as meaning "to make good the loss, injury, or cost of." Web-

ster's Third New International Dictionary 1898 (1986). There are numerous ways to obtain recovery in addition to the filing of a civil action. An injured person could seek compensation by informal means, or might pursue a formal claim based on principles of contract or equity. In this case Painter exercised a statutory right to receive workers' compensation benefits as partial compensation for his work-related injury—another basis of "recovery" from Westran. The fact that Westran is statutorily insulated from direct liability for damages in this civil action can not obscure the fact that it was a person against whom Painter did seek recovery pursuant to the Workers' Compensation Act.

Consideration of the intent of the General Assembly in adopting section 13–21–111(1) also requires rejection of the narrow construction of the phrase "person against whom recovery is sought" urged by Inland. In *Mountain Mobile Mix* we engaged in a comprehensive review of comparative negligence jurisprudence and concluded that our statute, with its provisions for special verdict forms, was designed to further the principle that a plaintiff who was less than 50 percent responsible for injuries sustained as the result of multiple causes was entitled to recover damages proportionately. We determined that in adopting the statute the General Assembly "intended to ameliorate the harshness of the common law rule of contributory negligence as a bar to any recovery and to apportion damages more equitably among those who cause the losses." *Mountain Mobile Mix*, 660 P.2d at 888.

■ Adoption of Inland's proposed construction of section 13–21–111(1) would dramatically undermine that legislative intent. The common law rule denied an injured person any recovery if such person's negligence contributed to the claimed injuries. By adopting the combined comparison rule, the General Assembly affirmed the principle that

a person or entity equally or more responsible for injuries sustained by that person or entity may not recover damages from other persons or entities. However, the General Assembly also adopted the equitable principle that a person or entity whose negligence does not exceed 50 percent of the combined negligence of all persons or entities whose conduct contributed to the injuries should not be prohibited from recovering damages for the injuries primarily caused by others. *Id.* This legislative determination supports the conclusion that a plaintiff such as Painter, whose negligence contributed only to 35 percent of his injuries, is not precluded from recovering damages from all other persons or entities whose conduct contributes to Painter's injuries on the basis of a pro rata apportionment of damages. We indicated as much in *Mountain Mobile Mix. Id.* at 888–89.[2]

■ We conclude that any person or entity whose negligence causes in part injuries sustained by a plaintiff must be deemed a "person against whom recovery is sought" for purposes of section 13–21–111(1). Each such person or entity, unless exempted by statute or otherwise, must pay his, her or its pro rata share of the plaintiff's damages. Other courts have so construed the statute. *Wong v. Sharp*, 734 F.Supp. 943 (D.Colo. 1990) (settling defendant's percentage of fault was properly considered in determining remaining defendant's pro rata share of liability); *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. 1465 (D.Colo. 1989) (percentage of fault of designated responsible nonparty that enjoyed statutory immunity properly considered in pro rata apportionment of damages among liable defendants); *see also General Elec. Co. v. Niemet*, 866 P.2d 1361 (Colo.1994) (where jury apportioned fault 10 percent to plaintiff, 35 percent to defendant and 55 percent to the City of Colorado Springs as a designated

---

**2.** Although *Mountain Mobile Mix* was decided in the context of the issues concerning the responsibility only of parties to that litigation, its rationale is controlling here. We note that the potentially harsh results of the combined negligence rule on defendants whose negligence is relatively

minor in comparison to the negligence of other defendants or other nonparty persons or entities have been ameliorated by the General Assembly's adoption of legislation affecting the joint and several liability of negligent persons or entities. *See* § 13–21–111.5, 6A C.R.S (1987).

responsible nonparty, City's percentage of fault properly considered in apportioning damages). In this case, because Painter's negligence is less than the combined negligence of Westran and Inland, Inland is responsible for paying its pro rata share of the damages Painter sustained as a result of his injury.

III

For the foregoing reasons, the judgment of the court of appeals is affirmed.