**Marla GROSS, individually and as surviving spouse of Gary A. Gross, Plaintiff–Appellant and Cross–Appellee,**

v.

**B.G. INC., d/b/a Drink–N–Dawg, Defendant–Appellee and Cross–Appellant.**

No. 98CA0786.

Colorado Court of Appeals, Div. IV.

Sept. 30, 1999.

Certiorari Granted Aug. 21, 2000.

J.J. Vick, Fort Collins, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Michael Brice Sullivan, Englewood, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge KAPELKE.

In this wrongful death action, plaintiff, Marla Gross, individually and as surviving spouse of Gary A. Gross (decedent), appeals from the judgment of the trial court entered upon a jury verdict in favor of defendant, B.G. Inc., d/b/a Drink–n–Dawg. We reverse and remand with directions.

Decedent received fatal injuries in a car accident that occurred while he was a passenger in a car driven by an individual who had been drinking alcoholic beverages at defendant's bar shortly before the accident.

In this action, plaintiff alleged that a bartender employed by defendant willfully and knowingly served an alcoholic beverage to the driver when he was visibly intoxicated, and that service of the beverage was a cause of decedent's death. Plaintiff's sole claim is for solatium damages of $50,000 as provided for in § 13–21–203.5, C.R.S.1999.

Although not a party to this action, the driver was designated as a nonparty at fault, pursuant to § 13–21–111.5, C.R.S.1999.

At the conclusion of the trial, the jury returned a verdict determining the percentages of fault as follows: decedent—25%; defendant—20%; and the nonparty driver—55% The trial court entered judgment for defendant based on the fact that the amount of fault the jury attributed to defendant was less than that attributed to the decedent. This appeal followed.

I.

Plaintiff contends that, because the combined negligence of defendant and the designated nonparty driver exceeded that of decedent, the trial court erred in entering judgment for defendant. We agree.

In *Mountain Mobile Mix, Inc. v. Gifford,* 660 P.2d 883 (Colo.1983), our supreme court held that, under § 13–21–111.5, the percentage of plaintiff's negligence must be compared to that of the combined negligence of the defendants. Accordingly, the court held that if the extent of plaintiff's negligence was less than the combined percentage of negligence of multiple defendants, plaintiff was entitled to recover damages from each defendant to the extent of his or her pro rata share of responsibility, even if the plaintiff's negligence was greater than that of a particular defendant.

More recently, in *Inland/Riggle Oil Co. v. Painter*, 925 P.2d 1083 (Colo.1996), the court applied the same analysis to the situation in which the jury determines that the combined negligence of the defendant and the designated nonparty exceeds the extent of negligence of the plaintiff. This is the precise situation here.

Thus, because the combined negligence of the designated nonparty driver (55%) and defendant (20%) was greater than that of plaintiff's decedent, plaintiff was entitled to a judgment against defendant.

■ Defendant urges, however, that even if it is liable for damages based on the jury's verdict, the amount of such damages must be limited to $10,000, which represents 20% of the statutory $50,000 amount for a solatium recovery. We reject this contention.

Section 13–21–203.5, C.R.S.1999, which provides for a $50,000 solace award in wrongful death cases states:

> In any case arising under section 13–21–202, the persons entitled to sue under the provisions of section 13–21–201(1) may elect in writing to sue for and recover a solatium in the amount of fifty thousand dollars. Such solatium amount shall be in addition to economic damages and to reasonable funeral, burial, interment, or cremation expenses, which expenses may also be recovered in an action under this section. *Such solatium amount* shall be in lieu of noneconomic damages recoverable under section 13–21–203 and *shall be awarded upon a finding* or admission *of the defendant's liability for the wrongful death.* (emphasis added)

In *Dewey v. Hardy*, 917 P.2d 305 (Colo. App.1995), a division of this court considered the issue of whether the amount of statutory solatium damages may be reduced by operation of the comparative fault statute, § 13–21–111, C.R.S.1999, such that the award against a defendant would be reduced based on the percentage of his or her fault.

As the division noted in *Dewey*, by enacting the solatium statute, the General Assembly intended that plaintiffs would be able to recover a fixed award upon establishing a defendant's liability. If we were to interpret the statute to allow for a further reduction of the statutory lump sum amount by applying comparative fault principles, the result would be to encourage defendants to engage in protracted litigation on the issue of liability. This would, as the division stressed in *Dewey*, defeat the purpose of the statute. Accordingly, we agree with the conclusion in *Dewey* that the General Assembly intended that the solatium award be exempt from reduction by operation of the comparative fault statute.

## II.

In its cross-appeal, defendant asserts that, in the event we reverse, the matter must nevertheless be remanded for retrial because of errors committed by the trial court. We perceive no basis for requiring a retrial.

## A.

■ Defendant first claims the court erred in refusing to give two instructions it tendered regarding the elements of a claim against a liquor licensee under § 12–47–801(3)(a)(I), C.R.S.1999, for serving an alcoholic beverage to a person who is under the age of 21 or "visibly intoxicated." We disagree.

According to defendant, relying on *Dickman v. Jackalope, Inc.*, 870 P.2d 1261 (Colo. App.1994), the tendered instructions were needed to inform the jury that the statutory terms "willfully and knowingly" apply "not only to the culpable mental state necessary to physically provide the drink, but also apply to the licensee's knowledge of the state of the patron at the time the drink was served."

■ A trial court may properly refuse proffered instructions if the other instructions adequately inform the jury of the applicable law. *Vu v. Fouts*, 924 P.2d 1129 (Colo. App.1996).

Here, the instructions given by the court in this regard were phrased in the language of § 12–47–801(3)(a)(I) and accurately stated the law. Under these circumstances, we find no error in the court's decision not to give the instructions proposed by defendant.

### B.

■ Defendant also urges that the court erred in not giving its tendered instruction that "a patron of a bar has a duty to protect himself from the effects of excessive drinking of himself or his companion." While we agree that the stated legal principle is accurate, *see Thomas v. Pete's Satire, Inc.,* 717 P.2d 509 (Colo.App.1985), we nevertheless agree with the trial court's conclusion that the other instructions given—including those addressing comparative negligence and assumption of the risk—adequately covered the subject. We thus find no error in the court's rejection of this proffered instruction.

### C.

■ Finally, we also reject defendant's contention that a new trial is required because plaintiff's counsel, in closing argument, asked the jury to find in plaintiff's favor "because not to do so would be yet another tragedy on top of the tragedy that already happened on September 26." This was, according to defendant, an improper plea to the sympathy of the jury.

Under all the circumstances, including the fact that the statement was an isolated one and that the jury was specifically instructed not to be influenced by either sympathy for or prejudice against any party, we find no basis for reversal.

■ We reach the same conclusion with respect to plaintiff's argument that certain of the remarks of defense counsel in closing argument misstated the law. The court instructed the jury that it was to base its decision on the law as explained by the court itself. Because the court's instructions properly explained the applicable legal principles, the challenged comments of counsel in closing do not warrant mandating a new trial.

The judgment is reversed, and the cause is remanded to the trial court for entry of judgment in favor of plaintiff and against defendant in the amount of $50,000.

Judge RULAND and Judge BRIGGS concur.