B.G.'S, INC., d/b/a Drink–
n–Dawg, Petitioner,

v.

Marla GROSS, individually, and
as surviving spouse of Gary
A. Gross, Respondent.

No. 99SC873.

Supreme Court of Colorado,
En Banc.

May 14, 2001.

As Modified May 21, 2001.

Rehearing Denied June 4, 2001.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Michael Brice Sullivan, Englewood, CO, Attorneys for Petitioner.

J.J. Vick, Fort Collins, CO, Attorney for Respondent.

Justice COATS delivered the Opinion of the Court.

B.G.'s, Inc., the defendant in the underlying wrongful-death action, sought review of the court of appeals' decision in *Gross v. B.G.'s, Inc.,* 7 P.3d 1003 (Colo.App.1999), by writ of certiorari. The court of appeals reversed the district court's judgment in favor of B.G.'s, holding instead that the plaintiff, Marla Gross, the surviving spouse of the decedent, was entitled to judgment against B.G.'s and that the solatium award she elected in lieu of establishing noneconomic loss or injury was not subject to reduction by operation of comparative fault principles. Because the plain language of the solatium statute does not allow for a reduction of the $50,000 award, and because the solatium statute is the later and more specific enactment, a solatium award is not subject to reduction by operation of either the comparative negligence statute, § 13–21–111, 5 C.R.S. (2000), or the pro-rata liability statute, § 13–21–111.5, 5 C.R.S. (2000). The judgment of the court of appeals is therefore affirmed.

## I.

The events giving rise to Respondent Marla Gross's wrongful-death action on behalf of her decedent husband occurred on September 26, 1994. Having consumed a combination of beer and liquor at B.G.'s establishment, the "Drink–N–Dawg," three patrons—the decedent, Michael Mintz, and Kirk Rossman—became intoxicated in the presence of B.G.'s employee. While still intoxicated, all three left the bar in a vehicle driven by Rossman and ultimately were involved in a one-car accident in which the decedent was killed.

In the wrongful death action that followed, Gross alleged that an employee of B.G.'s served the three visibly-intoxicated men without substantial interruption, in violation of section 12–47–801, 4 C.R.S. (2000), and that such service was a cause of decedent's death.[1] Before trial Gross elected, in the event of a finding or admission of B.G.'s liability, to recover a solatium award of $50,000 in lieu of noneconomic damages, as authorized under section 13–21–203.5, 5

---

1. Respondent's complaint cited "C.R.S. 12–47–128.5," which was relocated to section 12–47–801 in 1997. *See* ch. 80, sec. 3, § 12–47–801, 1997 Colo. Sess. Laws 224, 284–85. Section 12–47–801 provides a civil cause of action against a licensed establishment for injuries arising out of a person's intoxication where "the licensee willfully and knowingly sold or served any alcohol beverage to such person who was ... visibly intoxicated." § 12–47–801(3)(a)(I).

C.R.S. (2000).[2] Also before trial, B.G.'s designated Rossman a nonparty at fault pursuant to section 13–21–111.5, 5 C.R.S. (2000).

A jury ultimately found that an employee of B.G.'s willfully and knowingly served an alcoholic beverage to Rossman while he was visibly intoxicated, and that such service was a cause of the decedent's death. As the jury also found negligence on the part of Rossman and the decedent to have been contributing causes to the accident and consequent death, it attributed percentages of fault to the respective parties and the nonparty in the following manner: Rossman—55%; the decedent—25%; B.G.'s—20%. In response to B.G.'s motion for determination of a question of law before commencement of the trial, the district court indicated that the solatium would not be subject to reduction; however, because the jury found the decedent more at fault than B.G.'s, the district court entered judgment in favor of B.G.'s and therefore did not reach the issue of damages.

The court of appeals reversed, holding that Gross was entitled to judgment against B.G.'s because the combined negligence of the nonparty at fault (55%) and the defendant B.G.'s (20%) was greater than that of the decedent. In addition, the court of appeals rejected B.G.'s contention that Gross's solatium award was subject to reduction by operation of comparative fault principles and accordingly remanded the case to the district court for entry of judgment in favor of Gross for the amount of $50,000. This court rejected B.G.'s challenge to entry of judgment in favor of the plaintiff on the basis of the jury's apportionment of fault but granted its petition for writ of certiorari as to the amount of its liability to the plaintiff.[3] Therefore, the sole issue before this court is whether Colorado's solatium statute, § 13–21–203.5, which provides wrongful-death plaintiffs with the option of electing a $50,000 award in lieu of establishing noneconomic loss or injury, is subject to reduction by operation of either the comparative negligence statute, § 13–21–

111, or the pro-rata liability statute, § 13–21–111.5.

## II.

■ With regard to negligence actions generally, Colorado statutes prescribe a comparative negligence scheme under which a plaintiff can recover notwithstanding some negligence attributable to the person for whose injury recovery is sought, as long as that negligence was less than the negligence of the person against whom recovery is sought. *See* § 13–21–111; *Gordon v. Benson*, 925 P.2d 775, 777 (Colo.1996) ("The purpose of comparative negligence is to ameliorate the harshness of the complete bar resulting from common law contributory negligence."). While not a bar to recovery, negligence charged to the injured person that is less than that of the person against whom recovery is sought operates to reduce proportionately the damages awarded to the plaintiff. § 13–21–111; *Lira v. Davis*, 832 P.2d 240, 242 (Colo.1992).

■ Where multiple defendants are named in an action, this court has previously construed the statute to intend that the negligence of the injured person be measured against the combined negligence of the defendants, rather than separately against each individual defendant. *Mountain Mobile Mix, Inc. v. Gifford*, 660 P.2d 883, 890 (Colo. 1983). Furthermore, a defendant is permitted to name nonparties whom he believes to be wholly or partially at fault in producing the injury, *see* § 13–21–111.5(3), and any fault attributable to designated nonparties is similarly considered in the aggregate with the defendants' negligence for purposes of determining whether the plaintiff is entitled to recovery. *Inland/Riggle Oil Co. v. Painter*, 925 P.2d 1083, 1086 (Colo.1996). A plaintiff may therefore recover as long as the combined fault of all named tortfeasors, whether joined as defendants or designated

---

2. Although section 13–21–203.5 provides for a solatium in lieu of noneconomic damages and in addition to economic damages, Gross presented no evidence of damages of any kind in this case and apparently elected to recover only the solatium award of $50,000.

3. The specific issue as to which this court granted B.G.'s petition for certiorari was:
   Whether, in the event the judgment against B.G.'s Inc. was properly reversed, B.G.'s Inc. should only be held liable for its proportionate share of the $50,000 solatium award.

as nonparties, is more than that attributable to the person for whose injury recovery is sought. Colorado's adoption of this "combined comparison approach" reflects among other things concern for the inequity that would result from barring recovery on behalf of an injured person who was less than fifty percent negligent merely because the injury was caused by multiple tortfeasors, no one of whom was individually as much at fault as the injured person. *Mountain Mobile Mix,* 660 P.2d at 888.

■■■ As a corollary, or perhaps counterpoint, to the comparative negligence statute, which seeks to eliminate the inequity resulting from the prior contributory negligence approach that barred recovery upon a finding of any fault by the injured party, Colorado's pro-rata liability provision, § 13–21–111.5, seeks to eliminate the inequity often present in the imposition of joint liability on defendants. It provides that "[i]n an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant." § 13–21–111.5(1). In much the same way that compensatory damages are reduced by operation of the comparative negligence provision, section 13–21–111.5 is designed to avoid holding defendants liable for an amount of compensatory damages reflecting more than their respective degrees of fault. *Lira,* 832 P.2d at 242. Included among the types of damages subject to apportionment under either comparative negligence or pro-rata liability principles are damages for noneconomic loss or injury. *See* §§ 13–21–102.5(2)(b), –203. In wrongful-death actions, these noneconomic damages reflect the surviving party's nonpecuniary harm, which may include among other things grief, loss of companionship, pain and suffering, and emotional stress. § 13–21–203.

As an alternative to establishing these noneconomic damages, the general assembly has provided wrongful-death plaintiffs with the option of electing a $50,000 award, referred to as a "solatium." Section 13–21–203.5 is entitled, "Alternative means of establishing damages—solatium amount," and provides:

In any case arising under section 13–21–202, the persons entitled to sue under the provisions of section 13–21–201(1) may elect in writing to sue for and recover a solatium in the amount of fifty thousand dollars. Such solatium amount shall be in addition to economic damages and to reasonable funeral, burial, interment, or cremation expenses, which expenses may also be recovered in an action under this section. Such solatium amount shall be in lieu of noneconomic damages recoverable under section 13–21–203 and shall be awarded upon a finding or admission of the defendant's liability for the wrongful death.

Because the solatium statute characterizes itself as an alternative means of establishing damages, and it provides for a solatium award of a specific, predetermined amount, without reference to sections 13–21–111 or 111.5, the question arises whether the solatium award was intended to substitute for the amount the plaintiff would ultimately be entitled to recover as noneconomic damages by operation of the general damage provisions or whether it is merely an alternate way of determining the plaintiff's total noneconomic loss or injury, subject to further reduction according to the comparative fault provisions.

■■■ In determining the meaning of statutes, an effort must be made to effectuate the legislative intent. *Slack v. Farmers Ins. Exch.,* 5 P.3d 280, 284 (Colo.2000); *Swieckowski v. City of Fort Collins,* 934 P.2d 1380, 1384–85 (Colo.1997). To that end, the statutory language should be given its plain meaning. *Slack,* 5 P.3d at 284; *Swieckowski,* 934 P.2d at 1385. Because the legislature is presumed to intend that statutes concerning the same subject or comprising a comprehensive statutory scheme be consistent and harmonious, *Yuma County Bd. of Equalization v. Cabot Petroleum Corp.,* 856 P.2d 844, 849 (Colo.1993), consideration of other statutes dealing with the same subject is one type of extrinsic aid that can be useful in deciding questions of statutory interpretation. 2B Norman J. Singer, *Sutherland Statutory Construction* § 51.01 (6th ed.2000). When statutes are clear and unambiguous, however, they need not be construed by reference to extrinsic aids, *People v. J.J.H.,* 17 P.3d

159, 162 (Colo.2001), and when different statutes present a clear conflict, even if they concern the same subject, no harmonious reading can be adopted. *M.S. v. People,* 812 P.2d 632, 637 (Colo.1991). If statutes are irreconcilable, other aids to construction must be applied to determine which was intended to prevail. *See, e.g.,* §§ 2–4–205, –206, 1 C.R.S. (2000).

■ Although the title of the solatium statute refers to an "[a]lternative means of establishing damages," the body of the section makes clear that the term "damages" refers to a damage award rather than either the extent or value of the actual noneconomic loss or injury. The statute does not purport to prescribe an alternate method of evaluating the survivor's grief, loss of companionship, emotional stress, or other nonpecuniary harm. By its own terms, it specifies unequivocally that the amount of the solatium is $50,000 and that such amount "shall be awarded" upon a finding of liability. Under the combined comparison approach, a defendant is liable, and the court must enter judgment in favor of the plaintiff if the decedent's negligence was not as great as that of the defendants and designated nonparties at fault combined.

Had the general assembly intended merely to establish a minimum value, without proof, of nonpecuniary harm resulting from a wrongful death, it could easily have done so. Instead, in lieu of establishing the actual noneconomic damages that would be recoverable under section 13–21–203, the solatium statute permits a plaintiff to sue for and recover a specific amount, equal to twenty percent of the statutory limitation on recovery for noneconomic loss or injury resulting from a wrongful death.[4] On its face, the scheme offers a choice between recovering a known amount and accepting the risk and costs of attempting to establish noneconomic damages of a potentially far greater amount. The language of the statute does not merely omit all reference to the comparative negligence and pro-rata liability statutes; taken as a whole, it evidences an intent to offer the solatium as an ultimate award, not subject to further reduction, regardless of the negligence of the plaintiff or the fault of a nonparty.

The comparative negligence statute provides a mechanism for diminishing compensatory damages in proportion to the degree of negligence attributable to the injured person, and the pro-rata liability statute provides a mechanism for apportioning compensatory damages among tortfeasors based on their relative degrees of fault. Both are designed to avoid unfairness by limiting liability for compensatory damages to an amount proportionate to a defendant's fault in causing those damages, and in order to accomplish this goal, both rely upon a calculation of the amount of the resulting damages, to which the percentage of fault attributable to any individual defendant can be applied. By permitting a wrongful-death plaintiff to sue for an award of a predetermined amount in lieu of noneconomic damages resulting from the death, the solatium statute in effect bypasses the evaluation of noneconomic damages altogether and renders the comparative fault provisions inapplicable to anything other than economic damages. In the absence of a determination of the noneconomic component of total compensatory damages, it cannot be known whether a defendant's liability exceeds his proportionate share of compensatory damages, no matter how small the percentage of total fault attributable to him.[5]

---

**4.** Section 13–21–203 limits recovery for noneconomic loss or injury in wrongful-death actions to $250,000 unless the death was the result of a felonious killing, as defined in section 15–11–803(1)(b), and as determined pursuant to section 15–11–803(7).

**5.** Even the statutory limitation imposed by section 13–21–203 does not purport to set a maximum value on noneconomic loss or injury for a wrongful death but merely limits the amount of a

recovery. *Cf. Gen. Elec. Co. v. Niemet,* 866 P.2d 1361, 1365 (Colo.1994) (construing the limitation on damages for noneconomic loss or injury applicable to all civil actions, § 13–21–102.5, not only to impose a cap on the amount of a recovery rather than the amount of noneconomic damages found to result from the injury but also to cap only the recovery from each individual defendant rather than the plaintiff's total recovery for the injury).

If the comparative negligence and pro-rata liability provisions are understood to require a determination of the total damages resulting from a wrongful death in order to insure that no defendant can be held liable for more than his proportionate share, rather than merely requiring a reduction or apportionment of compensatory damages that are determined, then they cannot be reconciled with an alternative damage provision that eliminates this determination. At least to the extent that sections 13–21–111 and 13–21–111.5 compel a reduction of the amount of the solatium recoverable by a wrongful-death plaintiff, they conflict with section 13–21–203.5. When statutes dealing with the same or related subjects cannot be reconciled, a more specific statute prevails as an exception to a general statute unless the general provision is the later adoption and the manifest legislative intent is that the general provision prevail. § 2–4–205; *Smith v. Zufelt,* 880 P.2d 1178, 1183 (Colo.1994). In addition to having been enacted more recently,[6] the solatium statute is clearly the special or more specific statute. While the comparative negligence and pro-rata liability provisions apply generally to all actions brought as the result of a death or an injury to person or property, the solatium statute applies only to the subset of wrongful-death actions defined at section 13–21–202, and within that class, the solatium award is available as an alternative only where the plaintiff expressly chooses to forgo noneconomic damages.

Apart from the plain language of the solatium statute and its manifest intent to provide an incentive to forgo proof of noneconomic damages, the legislative history surrounding the statute's enactment evidences a clear intent, supported by specific considerations of public policy, to minimize litigation. The statute was introduced as part of an act concerning damages in wrongful-death actions, *see* ch. 130, secs. 1–5, 1989 Colo. Sess. Laws 752, 753, and was designed in part to relieve wrongful-death plaintiffs of protracted litigation by providing for a fixed recovery upon the es-

tablishment of a defendant's liability. *See Hearings on S.B. 89–93 Before the Senate Judiciary Committee,* 57th General Assembly, First Session (Feb. 1, 1989); *Hearings on S.B. 89–93 Before the House State of Affairs Committee,* 57th General Assembly, First Session (March 14, 1989); *see also Dewey v. Hardy,* 917 P.2d 305, 309–10 (Colo.App.1995) (by fixing modest amount of damages, general assembly hoped to encourage abbreviation of wrongful-death actions through solatium alternative).

As noted by the court of appeals, application of comparative fault principles to a solatium award would frustrate the purpose of the statute by encouraging defendants to litigate the issue of liability in an effort to demonstrate the comparative negligence of other parties, nonparties, or the decedent for purposes of reducing the amount of the solatium. *Dewey,* 917 P.2d at 310–11. In this case B.G.'s designated Rossman as a nonparty at fault and subsequently moved the district court to determine as a matter of law whether Rossman's negligence could operate to reduce the amount of the solatium award. The actions of B.G.'s poignantly demonstrate the incentive for defendants to protract litigation on the issue of liability that is created by a construction of the solatium statute permitting further reduction in proportion to relative degrees of fault. Concomitantly, any incentive for a plaintiff to elect the solatium would be greatly diminished under such a construction in light of the prospect of both protracted litigation and a reduction of the award below $50,000.

Although the general assembly has clearly expressed its intent that a defendant should not as a rule bear more than its pro-rata share of liability for damages, it has not abolished joint liability in all circumstances, *see, e.g.,* § 13–21–111.5(4) (retaining joint liability for persons who consciously conspire to commit a tortious act), or elevated principles of comparative fault over all other policy considerations, *see, e.g., Lira,* 832 P.2d at 241–42 (exemplary damages not subject to

---

6. Section 13–21–203.5 was enacted in 1989, *see* ch. 130, sec. 3, § 13–21–203.5, 1989 Colo. Sess. Laws 752, 753, whereas Colorado adopted its system of comparative negligence in 1971, *see* ch. 125, sec. 1, § 41–2–14, 1971 Colo. Sess. Laws 496, 496–97, and provided for pro-rata liability generally in 1986, *see* ch. 108, sec. 1, § 13–21–111.5, 1986 Colo. Sess. Laws 680, 680–82.

reduction on basis of assigned fault as determined by application of comparative negligence and pro-rata liability statutes). While allowing a fixed solatium award in lieu of proving noneconomic damages may make it impossible to know whether an individual defendant's liability for the damages caused exceeds his proportionate share, such a policy is not irrational. Assessing the merits of avoiding the costs, to both the judicial system and the parties, of litigating the painful, expensive, and notoriously unpredictable issues of noneconomic damages, by limiting recovery to a relatively modest, predetermined amount and by putting the onus on defendants to insure that the impact of the award is shared equitably by the tortfeasors, is a matter for the legislature. Subjecting the solatium award to further reduction according to considerations of comparative fault would greatly diminish its effectiveness in minimizing litigation and might well have the practical effect of construing the solatium statute out of existence.

## III.

In the limited context of wrongful-death claims in which liability has been admitted or found, section 13–21–203.5 allows a plaintiff to elect to sue for and recover a solatium in the amount of $50,000 in lieu of establishing noneconomic damages. The plain language of the statute indicates that the solatium is not subject to reduction, and to the extent that it conflicts with sections 13–21–111 and 13–21–111.5, section 13–21–203.5 prevails. Accordingly, the judgment of the court of appeals is affirmed.

Justice KOULIS dissents.

Justice KOURLIS dissenting:

Because I read the statutes to require a court to apply both the comparative negligence test under section 13–21–111, 5 C.R.S. (2000), and pro-rata apportionment under section 13–21–111.5, 5 C.R.S. (2000), to a solatium award under section 13–21–203.5, 5 C.R.S. (2000), I respectfully dissent from the majority opinion. The majority holds that in a wrongful death case, election of the solatium award by the plaintiff entitles the plaintiff to the full $50,000 from a defendant as long as the decedent was less than 51% at fault for his or her own death. Under the majority's construction, if the defendant designates a nonparty that the jury determines to have been at fault, pursuant to section 13–21–111.5, the defendant must seek contribution in a separate action to recover the nonparty's portion of the damages. The majority relies on comparative negligence to determine the percentage of fault attributed to the plaintiff in the first instance, but declines to apply comparative negligence or pro-rata liability beyond that initial determination of liability. I find such an approach to be inconsistent. If principles of comparative negligence apply to establish the plaintiff's entitlement to any recovery, then I suggest that these same principles continue to apply in establishing the amount of the recovery.

I agree with the majority that a plaintiff may not recover from a defendant in a wrongful death action when the decedent was more than 51% at fault for his or her death. However, I suggest that the statutes require the imposition of comparative negligence and pro-rata liability to the solatium damages award. Additionally, unlike the majority, I do not read the solatium statute to allow joint liability in these situations. Therefore, I respectfully dissent and would reverse the court of appeals with directions to return the case to the trial court for apportionment of the award.

## I.

I begin with the general proposition that the General Assembly has determined that: "In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant." § 13–21–111.5(1), 5 C.R.S. (2000). This court has observed that the statutory change "was intended to cure the perceived inequity under the common law concept of joint and several liability whereby wrongdoers could be held fully responsible for a plaintiff's entire loss, despite the fact that another wrongdoer, who was not held

accountable, contributed to the result." *Barton v. Adams Rental, Inc.* 938 P.2d 532, 535 (Colo.1997). We reaffirmed our understanding of and commitment to that principle recently in *Slack v. Farmers Insurance Exchange*, 5 P.3d 280, 282 (Colo.2000), in which we determined that responsibility for a loss must be apportioned between two tortfeasors, even if one acted negligently and the other acted intentionally.

Similarly, in *Mountain Mobile Mix, Inc. v. Gifford*, 660 P.2d 883, 890 (Colo.1983), and in *Inland/Riggle Oil Co. v. Painter*, 925 P.2d 1083, 1085 (Colo.1996), we have repeatedly endorsed the notion that the damages award must follow the fault determinations of the jury, such that each person pays his or her pro-rata share of the damages. *See also Bohrer v. DeHart*, 961 P.2d 472, 475 (Colo. 1998) (stating that pro-rata liability " 'rectifies the inequity' caused by the common law rule of joint and several liability whereby any one responsible party could have been liable for all losses which the plaintiff incurred"). Thus, the General Assembly clearly intends that tortfeasors should bear their share, and only their share, of the victim's loss.

## II.

The solatium statute is merely a portion of the broader damages section of the statutes. The solatium statute provides:

> **Alternative means of establishing damages—solatium amount.** In any case arising under section 13–21–202, the persons entitled to sue under the provisions of section 13–21–201(1) may elect in writing to sue for and recover a solatium in the amount of fifty thousand dollars. Such solatium amount shall be in addition to economic damages and to reasonable funeral, burial, interment, or cremation expenses, which expenses may also be recovered in an action under this section. Such solatium amount shall be in lieu of noneconomic damages recoverable under section 13–21–203 and shall be awarded upon a finding or admission of the defendant's liability for the wrongful death.

§ 13–21–203.5, 5 C.R.S. (2000).

Article 21 governs the recovery of damages in Colorado. Part 1 of that article includes both the comparative liability section and the pro-rata liability section quoted above. The solatium section appears in Part 2 of Article 21, and relates to damages for death by negligence. Part 2 also identifies persons entitled to sue and recover for wrongful death caused by a defendant transportation company. § 13–21–201, 5 C.R.S. (2000). Section 13–21–202, 5 C.R.S. (2000), provides that the heirs of a decedent have a cause of action and may recover damages if the decedent would have been entitled to maintain that action had he or she survived. Section 13–21–203, 5 C.R.S. (2000), sets out the limitation on damage amounts recoverable in wrongful death actions, including damages for noneconomic loss or injury. Finally, section 13–21–203.5, 5 C.R.S. (2000), the solatium award, provides an alternative means of recovery of noneconomic damages. The solatium damages may be sought in a liquidated amount to be awarded upon a finding of liability, and without the need for specific proof of noneconomic damages.

In my view, reading the Article as a whole, the comparative liability and pro-rata liability sections govern all wrongful death actions under Part 2. *See Clint v. Stolworthy*, 144 Colo. 597, 601, 357 P.2d 649, 651 (1960) (stating that sections 13–21–201 to 204 must be construed as one act, and each section construed as it is connected with and related to the whole act). Part 1 contains the general provisions relating to damages. Part 2 identifies when a victim may bring a wrongful death action, and what damage limitations control. Part 1 governs the solatium statute, just as it governs an award of noneconomic damages under section 13–21–203. *Gen. Elec. Co. v. Niemet*, 866 P.2d 1361, 1364 (Colo.1994). Thus, a reading of the Article as a whole requires the application of the comparative negligence and pro-rata statutes to solatium damages.

## III.

The majority cites three reasons for its conclusion that both the comparative negligence and the pro-rata liability statutes do not govern section 13–21–203.5. First, the majority reads the solatium statute not

merely as offering an alternative to proving noneconomic damages, but instead as offering a specific award of a predetermined amount in lieu of noneconomic damages. Because the jury makes no actual determination of noneconomic damages, the majority concludes that comparative negligence and pro-rata apportionment are inappropriate. Second, the majority views the solatium statute as directly in conflict with the comparative negligence and pro-rata statutes. The majority views the solatium statute to be the more specific and the comparative negligence and pro-rata liability statutes to be the more general statutes. Hence, the majority holds the pro-rata and comparative negligence statutes inapplicable. Third, the majority reads the legislative history to exclude comparative negligence and pro-rata apportionment from solatium damages.

I disagree with the majority's reasoning on all three points, and would instead rely upon simple principles of statutory construction. First, although the solatium statute does not itself make reference to a reduction for comparative negligence or pro-rata liability, neither does the general wrongful death statute. Yet, this court has certainly held comparative negligence and pro-rata liability applicable to wrongful death awards. *Smith v. Zufelt,* 880 P.2d 1178, 1183 (Colo.1994). The solatium statute permits a survivor of a decedent to avoid the trauma and expense of trying to prove noneconomic damages: it does not abrogate the underlying principles of liability.

Second, I find the majority's reliance upon the solatium statute as the more specific statute, thus preempting sections 13–21–111 and 13–21–111.5, unpersuasive. Section 13–21–111.5 is necessarily broad in that it is designed to apply to all damages actions, including solatium. The reference to a dollar amount certainly cannot vitiate pro-rata liability, or the cap on wrongful death noneconomic damages under section 13–21–203 would similarly operate as a more specific provision that would vitiate pro-rata liability. That is clearly not the intent of the legislation.

Third, I do not read the legislative history as supporting the majority's position. The General Assembly clearly intended the solatium statute to relieve a survivor of the onus of proving noneconomic damages, but it did nothing to change basic concepts of liability that run throughout the statutes. In my view, the statutory reference in the solatium statute to a "defendant's liability for the wrongful death" subsumes and includes all underlying notions attendant upon a determination of liability. A defendant joint tortfeasor is only "liable" to the extent the jury concludes he is liable, and I find nothing in the legislative history to the contrary.

The majority argues that allowing the reduction of the lump sum award through the application of comparative negligence principles would encourage defendants to engage in protracted litigation as to liability alone. *See Dewey v. Hardy,* 917 P.2d 305, 310–11 (Colo.App.1995).[1] Although this may be true, the solatium statute sought to reduce litigation as it applies to the establishment of damages, not the determination of liability. The solatium statute still requires juries to determine each party's liability for the death and to apportion liability accordingly. In this case, the parties contested liability and engaged in a four-day trial at which numerous witnesses testified. Therefore, even under the majority's construction, the only trial efficiency the solatium statute achieves is the elimination of proof of the plaintiff's noneconomic damages. It cannot eliminate or shorten proof of liability.

Lastly, I take issue with the majority's application of joint liability to this situation. As a general rule, the General Assembly has abolished joint liability in Colorado. *Miller v. Byrne,* 916 P.2d 566, 578 (Colo.App.1995). Although it is true that joint liability does still exist in certain cases, it is either specifically imposed by statute, *see* § 13–21–111.5(4) (stating that "joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act"), or is the subject of a well-established

---

1. My opinion in this case would disapprove of the court of appeals' holding in *Dewey v. Hardy,* 917 P.2d 305, stating that a solatium award is exempt from reduction by operation of the comparative negligence statute.

rule. *Bank of Denver v. Southeastern Capital Group, Inc.*, 763 F.Supp. 1552, 1560 (D.Colo.1991) (holding that the pro-rata liability section does not abrogate the well-established rule that partners are jointly and severally liable for the wrongs of the partnership). The solatium statute neither contains express language reviving joint liability nor arises in a common law context of joint liability. Accordingly, in my view, joint liability does not apply.

### IV.

Finally, then, I look to the facts of this case and the outcome reached by the majority approach. The jury determined that Rossman was intoxicated and 55% responsible for the accident that killed Gary Gross. The jury also assigned 20% of the responsibility to the employee of the bar who served Rossman, and found that Gary Gross himself was 25% responsible.

The result of the majority's conclusion here is that Marla Gross, standing in Gary Gross's shoes for purposes of this action, is entitled to recover the full $50,000 solatium award against the bar, despite the jury's determination that the bar only bore 20% of the fault. The award will not be reduced by the fault attributable to the other parties. If Marla Gross had not elected the solatium award, and had proven her noneconomic damages to the jury, clearly any award would have been assessed under sections 13–21–111 and 13–21–111.5. *Niemet*, 866 P.2d at 1367 (holding that trial courts must apportion tortfeasor's pro-rata liability according to their degree of fault before it applies the statutory cap on noneconomic damages). Hence, in exchange for electing the solatium award, the plaintiff not only is entitled to forego proof of noneconomic damages, but is also guaranteed full recovery of the award once even a de minimis determination of liability on the part of the defendant exists. For example, if the jury had found B.G.'s to be 5% liable for the accident, the award would be the same.

I view that application of the solatium statute to be directly contrary to the legislative intent, as repeatedly noted by this court, that no defendant will bear more than its pro-rata share of liability in a damages action. *Smith*, 880 P.2d at 1181.

Accordingly, I respectfully dissent and would reverse the court of appeals with directions to return the case to the trial court for apportionment of the award.