Loyalle SMITH, as father and next of kin of the minor child, and decedent Desirae R. Smith, Plaintiff–Appellee,

v.

Edward VINCENT, Defendant–Appellant.

No. 02CA1650.

Colorado Court of Appeals,
Div. V.

Aug. 14, 2003.

Howard Morrison, Colorado Springs, Colorado; J. Stephen Price, P.C., J. Stephen Price, Colorado Springs, Colorado, for Plaintiff–Appellee.

Kane, Donley, and Johnson, P.C., Mark H. Kane, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

In this wrongful death action, defendant, Edward Vincent, appeals the trial court's order and judgment in favor of plaintiff, Loyalle Smith (Smith), who filed this action as father and next of kin of the deceased minor child, Desirae Smith. The sole issue on appeal is whether an award under Colorado's solatium statute, § 13–21–203.5, C.R.S.2002, is subject to reduction by the amount a plaintiff receives from an insurance settlement with a former defendant. We conclude the solatium award is not subject to that reduction and therefore affirm.

This case arose out of an automobile accident wherein Vincent's car collided with a car driven by Shelly R. Smith, who was Smith's wife. The Smith's minor child was a passenger in Shelly Smith's car, and she died as a result of the collision.

Thereafter, the Smiths' marriage was dissolved and Smith filed this wrongful death action naming his former wife and Vincent as defendants. Smith settled with his former wife's insurance company for $25,000, and she was dismissed from the suit. That settlement did not designate the nature of the damages for which the payment was made.

When Smith elected to recover a solatium award of $50,000 in lieu of noneconomic damages, Vincent demanded a setoff of the $25,000 settlement. Smith refused, and after reviewing the parties' submissions, the trial court concluded Vincent was not entitled to the $25,000 setoff.

The parties then stipulated that both Vincent and Smith's former wife were negligent. Smith also waived any claim for economic damages. The trial court entered judgment against Vincent in the amount of $68,250.00, the amount of the solatium award plus a statutorily authorized adjustment for inflation. Under § 13–21–203.7, C.R.S.2002.

## I.

Vincent contends the trial court erred in concluding Smith was entitled to recover the full solatium award in addition to the $25,000 settlement. We disagree.

As an alternative to establishing noneconomic damages, § 13–21–203.5 gives wrongful-death plaintiffs the option of electing a $50,000 solatium award upon a finding or admission of the defendant's liability. *See Dewey v. Hardy*, 917 P.2d 305 (Colo.App. 1995). The statute provides:

> In any case arising under section 13–21–202, the persons entitled to sue under the provisions of section 13–21–201(1) may elect in writing to sue for and recover a solatium in the amount of fifty thousand dollars. Such solatium amount shall be in addition to economic damages and to reasonable funeral, burial, interment, or cremation expenses, which expenses may also be recovered in an action under this section. Such solatium amount shall be in lieu of noneconomic damages recoverable

under section 13–21–203 and shall be awarded upon a finding or admission of the defendant's liability for the wrongful death.

In *B.G.'s, Inc. v. Gross ex rel. Gross*, 23 P.3d 691 (Colo.2001), the supreme court interpreted the statute, and the parties agree that *B.G.'s* governs our analysis.

In *B.G.'s,* the plaintiff brought a wrongful death action and sought solatium damages against a tavern on behalf of her husband, an auto passenger who was killed in an accident. The car in which her husband was riding was driven by a drunk driver who had become intoxicated at the defendant tavern. The tavern designated the driver of the vehicle as a nonparty at fault under § 13–21–111.5, C.R.S.2002, and the jury apportioned a greater percentage of fault to the nonparty than to the tavern, as well as apportioning a percentage of fault to the plaintiff's decedent.

The supreme court concluded the statutory solatium award was *not* subject to reduction by operation of comparative negligence or prorata liability principles and therefore could not be reduced by the percentage of fault attributed to the nonparty. The court reasoned as follows:

> The language of the statute does not merely omit all reference to the comparative negligence and pro-rata liability statutes; taken as a whole, it evidences an intent to offer the solatium as an ultimate award, not subject to further reduction, regardless of the negligence of the plaintiff or the fault of a nonparty.

*B.G.'s, Inc. v. Gross ex rel. Gross, supra,* 23 P.3d at 695.

In our view, the court's rationale applies with even greater force where, as here, a defendant settles with the plaintiff in a wrongful death action, the settlement does not designate the nature of the damages for which payment is being made, and that defendant is dismissed from the suit. To permit the settlement with the former wife to reduce Smith's recovery from Vincent would run contrary to the supreme court's statement in *B.G.'s* that the solatium award is intended as "an ultimate award, not subject to further reduction," regardless of the fault

of other tortfeasors. *B.G.'s, Inc. v. Gross ex rel. Gross, supra,* 23 P.3d at 695.

## II.

■ Relying on *B.G.'s* and *Pierce v. Wiglesworth,* 903 P.2d 656 (Colo.App.1994), Vincent next contends that because there were two defendants—he and Smith's former wife—who were jointly liable for the accident, each defendant should share equitably in the responsibility to pay one $50,000 solatium award. According to Vincent, the trial court's ruling disallowing him a reduction for the former wife's settlement payment allowed Smith "to stack solatium awards due to the presence of multiple defendants." We disagree.

In *B.G.'s,* the supreme court observed that the General Assembly "has not abolished joint liability in all circumstances" but has retained it in certain limited circumstances, such as for persons who consciously conspire to commit a tortious act. *See* § 13–21–111.5(4), C.R.S.2002.

Without further specificity, the court in *B.G.'s* then applied a joint liability analysis and concluded the plaintiff there was entitled to recover the full $50,000 solatium award against the defendant tavern, despite the fact that the jury found it only bore 20% of the fault. *B.G.'s, Inc. v. Gross ex rel. Gross, supra,* 23 P.3d at 696–97.

Vincent extrapolates three conclusions from the language in *B.G.'s*: (1) that where, as here, there are multiple defendants, a plaintiff is entitled to only one solatium award of $50,000; (2) that the plaintiff in *B.G.'s* only received one solatium award, but the trial court here impermissibly allowed Smith "to stack solatium awards"; and (3) because the supreme court applied a joint liability analysis in *B.G.'s*, defendants such as Vincent are entitled to a reduction of the solatium award based on "the common law equivalent to joint liability."

We agree with the first conclusion, but disagree with the others.

As previously noted, the record does not indicate whether the $25,000 settlement payment made by Smith's former wife was intended to compensate him for noneconomic

damages. Absent evidence that it was so intended, we cannot conclude Smith received two solatium awards.

We also reject Vincent's suggestion that the supreme court in *B.G.'s* resurrected the common law theory of joint liability. Both the majority and the dissenting opinions in *B.G.'s* agreed that the General Assembly has abolished joint liability in Colorado with only limited exceptions. Hence, we do not read the case as broadly as Vincent urges. *B.G.'s, Inc. v. Gross ex rel. Gross, supra,* 23 P.3d at 696–97.

Nor does *Pierce v. Wiglesworth,* 903 P.2d 656 (Colo.App.1994), support Vincent's arguments. There, a division of this court concluded the defendant and a nonparty tortfeasor, with whom the defendant acted in concert, were jointly liable under the proportionate fault statute. That statute provides that when two or more persons "consciously conspire and deliberately pursue a common plan or design to commit a tortious act," the tortfeasors shall be held jointly liable for the damages resulting from their actions. Section 13–21–111.5(4), C.R.S.2002.

Here, however, there was no allegation or jury finding that Vincent and Smith's former wife deliberately or consciously conspired to commit a tortious act. Thus, *Pierce v. Wiglesworth, supra,* and its progeny are inapposite.

Vincent's reliance on *Dewey v. Hardy, supra,* is also misplaced. There, the plaintiff brought an action based on the death of his son and recovered the statutory solatium award. The trial court reduced the award by $25,000, reasoning that the decedent's mother, a nonparty, had a right to half of the solatium award, which she had assigned to defendants' insurer pursuant to a settlement agreement. On review, a division of this court remanded the case for joinder of the absent parties who had an interest in the judgment.

Here, unlike in *Dewey,* there has been no assignment of the solatium award, and no absent party claims any interest in it.

Therefore, we conclude the trial court did not err in denying Vincent's request that defendants be required to share equitably in the responsibility to pay the solatium award.

## III.

■ Nor do we agree with Vincent that the $25,000 settlement constituted payment from a collateral source and must be set off against the solatium award pursuant to § 13–21–111.6, C.R.S.2002.

Section 13–21–111.6 provides for the reduction of damages in a civil action if payment is received from a collateral source:

> In any action by any person or his legal representative to recover damages for a tort resulting in death or injury to person or property, the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount of the verdict by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained; except that the verdict shall not be reduced by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person. The court shall enter judgment on such reduced amount.

In *Montoya v. Grease Monkey Holding Corp.,* 883 P.2d 486 (Colo.App.1994), *aff'd,* 904 P.2d 468 (Colo.1995), a division of this court held that the collateral source rule applies to payments from a collateral source *independent of any alleged tort liability* and does not apply as between tortfeasors. The division concluded § 13–21–111.6 does not require a reduction from the damages owed by remaining tortfeasors where a joint tortfeasor entered into a settlement.

Here, Smith named his former wife as a defendant and later stipulated to her negligence. Accordingly, the settlement payment was from a joint tortfeasor. It was not a "collateral source independent of any alleged tort liability," *Montoya v. Grease Monkey*

*Holding Corp., supra,* 883 P.2d at 490, and § 13–21–111.6 is inapplicable.

### IV.

Finally, we reject Vincent's contention that *Smith v. Zufelt,* 880 P.2d 1178 (Colo.1994), requires the $25,000 offset.

In *Smith v. Zufelt, supra,* the supreme court held that an offset of nonparty settlements was appropriate and that the amount of offset should be limited by the percentage of liability attributed to the nonparties under § 13–21–111.5, the prorata liability statute. Later, however, in *B.G.'s, Inc. v. Gross ex rel. Gross, supra,* the supreme court held that the amount of the solatium award may *not* be reduced according to principles of prorata liability.

In summary, we conclude that Smith's solatium award was not subject to reduction by the $25,000 he received in the settlement with his former wife.

Judgment affirmed.

Judge VOGT and Judge CARPARELLI concur.